CLARK, Respondent, v. CONWAY, Appellant.

1. Clark v. Maguire, 16 Mo. 302, affirmed.
2. It is not sufficient to object generally that testimony offered is illegal and incompetent; some specific objection to its admission should be pointed out.

*Appeal from St. Louis Court of Common Pleas.*

The facts of this case sufficiently appear in the opinion of the court, and in the report of the case of Clark v. Maguire

(16 Mo. 302). Upon the trial, the following instruction was given to the jury, on the motion of plaintiff : " 1. The burden of proving the defence of fraud rests upon the defendants." The court, on its own motion, gave the following : " 2. If the jury find from the evidence that the creation of the trust set up and shown by the plaintiff was contrived for the purpose of protecting the property, profits or earnings of Dennis Marks from his creditors, or for the purpose of hindering or delaying them in the collection of their demands against said Marks, and that the property in question was the property of said Marks, or acquired by him from his profits or earnings, then the jury should find for the defendant." The court gave the following instructions on the motion of the defendant : " 3. The fraud charged and set up by the defendant in this case is a question of fact for the jury, and they are to determine it from all the facts and circumstances given in evidence, and fraud may be proved by circumstances, as well as by positive testimony, or by both.   4. To entitle the plaintiff to recover in this action, he must show in evidence, to the satisfaction of the jury, that the property in question is the same, or a part of the same wheat and flour that was conveyed to him by the deed read in evidence, dated July 2, 1847, or that the property in question was purchased with the money or with the proceeds of the property that is mentioned in said deed, and the burden of making this proof rests with the plaintiff.   5. If the jury believe from the evidence that the property in question was in the possession of Dennis Marks at the time the same was levied upon under the execution in favor of Maguire, then the jury should find for the defendant, unless the jury shall at the same time believe from the evidence that the said property was purchased with the money or property that was conveyed and assigned to the plaintiff, under the deed made to him by J. H. Alexander, read in evidence, and the burthen of proving that the property in question in this suit was so purchased rests on the plaintiff."

The following, prayed by defendant, were refused : " 1. If the jury find from the evidence that Dennis Marks purchased

and paid for the wheat that was levie¹ u )( n by the defendant, and also that he purchased and paid for the wheat from which the flour that was levied upon was manu 'actu 'ed, and that said Marks m .n factured the our that wa· 'evied upon, and that both the wheat and the flour that was levied upon was in Mark's possession at the times of such levy ; and if the jury also find from the evidence that the sa ! wheat levied rpon, rnd the wheat out of which the flour levied upon was manufactured, were purchased by said Ma·ls with the money or the proceeds of the property conveye⁴ and assigned to the plaintiff by the deed read in evidence, dated July 2, 1847 ; and if the jury shall also find from the evidence t ı t Amira Marks, the wife of Dennis Marks, either placed said money or said proceeds in the hands d under the control of said Dennis Marks, or consented that sai l money or said proceeds should be placed in the hands and under the control of her said ; usband, then the jury should find for the defendant. 2. The money mentioned in the deed from Alexander to Clark, which is dated July 2, 1847, which money amounted, according to ıhe ıe ital of said deed, to the sum of $8,291 96, belonged to Dennis Marks by virtue of the limitations contained in the deed from H. D. Bacon to J. H. Alexander, dated 17th July, 1846 ; and if the jury believe from the evidence that the flour spoken of by the witness for the plaintiff was manufacture⸴ from wheat purchased wi·h that money or its proceeds, or that the wheat seized by the sheriff was purchased wi h said money or its proceeds, then the plaintiff can not recover in this action. 3. If the jury find from the evidence that Dennis Marks got into his possession and under his control the money and personal property that was conveyed and assigned under the deeds read in evidence for the benefit and use of his wife, Amira Marks, and her children, and if she consented to his having such possession and control, then all the right and interest which said Amira Marks had in the money and personal property that was so in the possession of said Dennis became his, and consequently subject to be seized on execution against him. 4. If the jury believe from the evi-

dence that the creation of t'ie trust set up and shown by the plaint was contrived and created for the purpose of protect-ing the property, profits or earnings of Dennis Marks from his creditors, or for the purpose o hinder ꞏ ꞏel ꞏing them in the collection of their debts against said Marks, then the jury should find for the defendant." Exceptions were duly taken.

The jury found a verdict for plaintiff. A motion for a new trial having been overruled, defendant appealed to this court.

*Krum & Harding*, for appellant.

I. The court below improperly admitted in evidence the deed purporting to have been made by J. H. Alexander to plaintiff. Alexander had no authority or right to make said deed; the plaintiff in his petition does not claim or set up a *special pro-perty* in the wheat and flour sued for, but sues in his own right and as having a general property in the subject matter of the suit; the said deed, th ꞏ efore, was not competent testimony under said petition. The execution of the deed was not proved. The recitals in the deed were not evidence of the facts therein stated. The execution of the power of attorney was not proved, and it was not therefore competent testimony in the case.

II. The instructions asked by the defendant, which were overruled, should have been given to the jury. I here was evidence both positive and presumptive, that Dennis Marks, with his own means and credit, purchased the wheat in ques-tion and manufactured the flour therefrom; there was evidence also that Mrs. Marks consented that the money and property secured to her by the deeds of trust should go into the posses-sion of her husband; and that it did go into his possession and control, there was no question. It was entirely competent for her to make such disposition of her money and property.

*R. M. Field*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

The principal points in this case were heretofore settled by this court in the case of Clark v. Maguire (16 Mo. 302).

The construction of the various deeds and powers now again presented was had in that case. We are fully satisfied with the correctness of the principle laid down then by this court.

So far as new points have arisen, we will now consider and settle them. First, as to the admission of the deed from Alexander to the plaintiff. The appellant contends that the execution of this deed was not proven. Now, in looking over the record, we find that the defendant below, the appellant here, made objections to the assignment made by Henry D. Bacon on the lease from William M. Tompkins to said Bacon, which had been read in evidence, " on the ground that the same was illegal and incompetent ;" made also the same objection to the deed signed by J. H. Alexander, Amira Marks and Luther C. Clark, " on the ground that the same was incompetent and illegal testimony ;" made also the same objection to the power of attorney of Amira Marks and Luther C. Clark to Dennis Marks, " on the ground that the same was illegal and incompetent testimony." Before this court the appellant specifies the objection, and contends that the execution of the deed and power of attorney was not proven. The objection can avail nothing in this court. Its generality is fatal to it. We will give no countenance, no ear, to an objection made for the first time in this court, when, if it had been made below, it could have been immediately obviated by proof. The decisions of this court, for many years, sustain this view. The party objecting to the admission of a deed, power of attorney, or other instrument of writing, during the trial of a cause in the lower courts, must point out the specific objection ; " he must put his finger on it," in the language of some of the courts, so that the court below can at once see it, and the adverse party have the opportunity of obviating it by means in his power then present ; and if such objection, specific and pointed, be not made below, it shall avail nothing here. The objection is " on the ground of being incompetent and illegal evidence"— no more specific than to say, " I object to the evidence." It was the duty of the objector to say why and for what reason it

was incompetent—why, and for what cause, illegal. The proof of execution, in all probability, was at hand, and therefore the want of it not pointed out below. But it matters not whether it could have been obviated, if made below or not; the party intending to rely on it must not content himself with a general objection below, and then make a special, pointed objection for the first time in this court. So much for this point. It is ruled against appellant.

The instructions given by the court, especially the one on its own motion, and those on the defendant's motion, put the law of the case fairly before the jury, — indeed the defence, under these instructions, went to the jury with its full strength. There is no error committed in refusing those which the court did refuse to give on defendant's motion. We consider the law of the case properly settled, when first before us, as reported in 16 Mo., in regard to the various deeds and instruments of writing. The instructions put the law arising on the proof before the jury in this case fairly before them, giving the full benefit of the defendant's defence. With their verdict the lower court was satisfied, and we see no sufficient reason to reverse it. Let it be affirmed; the other judges concurring.