JANE BOWMAN, GUARDIAN, &c., Respondent, v. LUKE P. STILES *et al.*, Appellants.

*Witness—Guardian and Ward.*—The ward is a competent witness for the guardian, to prove an indebtedness due to the latter on account of the estate of the ward in his hands. The ward is not a party to the action, nor is the suit prosecuted for his immediate benefit.

*Practice—Exceptions.*—The exceptions taken at the trial must be so preserved upon the record that the appellate court may see that the objections were presented to the inferior court.

*Practice—Pleading—Admissions.*—It is too late to urge in the appellate court, after the parties have gone to trial upon the pleadings as presenting issues, that the matters were not in issue, but were admitted by the pleadings.

### Appeal from Weston Common Pleas.

The petition charged, that on or about the 10th day of July, 1854, Luke P. Stiles, one of the defendants, being administrator of Samuel Bowman, deceased, had in his hands as such administrator the sum of $1839.50, which it became his duty, as such administrator, to pay to plaintiff as guardian, &c.; that said Stiles was at the time a member of the firm of Stiles, Burns & Brothers; that while said money was in his hands, at the time aforesaid, the said de-

fendant's partners, Stiles, Burns & Brothers, agreed to keep and use said money, and to pay the same to plaintiff, with interest thereon, whenever thereafter requested ; that in pursuance of said agreement the said defendants received said money, and thereby became liable and indebted to plaintiff in the said sum of $1839.50, with interest thereon from said 10th day of July, 1854. The petition admitted payment on said account of the sum of $548.89, on the 29th day of May, 1856.

To this petition the defendants, Lewis, James N., Daniel D. and Calvin F. Burnes answered. Stiles made no defence.

The answer traversed the indebtedness of Stiles as administrator ; denied that they, or either of them, or any other person authorized by them, agreed to and with plaintiff to take and use the money, or that they promised to pay plaintiff; admitted that defendant Stiles was administrator of said estate, but claimed that if anything did come into his hands as administrator, it became his effects, and he had a right to make such disposition thereof as he saw proper, and if plaintiff's wards are injured thereby, they had their recourse on the bond of said Stiles as administrator.

They further state that at the time, as plaintiff alleges, that said money went into the hands of said Stiles, plaintiff had no right to demand the same, for the reason that the estate of said Samuel Bowman had not been settled, and no order of distribution had been made by the Probate Court of Platte County, nor had there been a final settlement of said estate. For further answer, defendants pleaded payment, and a set-off of the sum of $1910.23 ; and filed therewith a bill of items making up the amount of said set-off.

The plaintiff replied to the defendants' set-off, as follows : " she states that she denies that she owes to and is indebted to defendants in the sum of $1910.23, as is by them set forth in said answer, or that she is indebted to them in any part thereof, or in any amount whatever. She denies that she owes to defendants the said amount exhibited in said answer, or any part thereof. She denies that defendants have any

right to recover judgment against her as prayed in said answer, or any judgment whatever."

Afterwards, the case was referred to a referee, who was required to report at the next term of the court. The order of reference did not direct the referee what to do, or what to report; but was a general order that the case be referred to him, and that he should report at the next term of the court. In August, 1859, the referee filed his report setting out all of the evidence taken in the cause, with a report of his finding and judgment.

The defendants then filed their exceptions to the report and finding of the referee in the cause. At the hearing the plaintiff proved the statements and admissions of the defendant Stiles. The defendants then introduced evidence to prove their set-off filed, and also that the partnership between defendants was dissolved in the month of December, 1855. They exhibited a copy of the account with said Stiles as administrator, also records of Probate Court to show that Stiles was administrator and that the estate was not settled.

The plaintiff, as part of her rebutting evidence, introduced Edward H. Bowman and John M. Bowman, two of the infants for whom the suit is brought. They were objected to as incompetent; the objection was overruled and the defendants excepted. The court overruled the exceptions filed to report of the referee, and rendered judgment thereon, to which defendants excepted. The defendants filed their several motions for a new trial and in arrest of judgment, which being overruled, they appealed.

*Merryman* and *Vories*, for appellants.

I. This suit, if it could be maintained against these defendants at all, it should have been brought in the name of the infants, who were wards of the plaintiff by their guardian, and not in the name of plaintiff. The money or other effects belonging to the wards did not vest in plaintiff, but the wards could follow it into whatever it might be invested,

and claim the securities taken; wherefore, the judgment should have been arrested. (2 Kent. 240.)

II. If it should be thought that the suit could be maintained in the present form, yet the wards would surely have the right to claim the judgment when recovered; and if they should arrive at full age before the suit was determined, they could claim the judgment in preference to, and in defiance to any right that plaintiff might have thereto; wherefore, the suit was brought for the direct benefit of the wards, and the referee, therefore, erred in permiting two of the wards to be examined as witnesses, when they were objected to by defendants.

III. The defendants in their answer pleaded a set-off, and filed a bill of particulars, to which the plaintiff replied *nihil debet*, and failed to deny any of the items charged in the bill of particulars, which in law was an admission of the whole amount of the set-off pleaded; yet the referee rejected the whole set-off (when we had also offered evidence to prove the account) without giving any reason therefor whatever; wherefore, the judgment must be reversed. (R. C. 1855, p. 1238, § 48; Sappington v. Jeffries, 15 Mo. 630; Engler v. Bates, 19 Mo. 545; Van Sanford on Pleading, 344, 354.)

IV. The referee admitted in evidence (against the objections of defendants) the statements made by Stiles, one of the defendants, which statements were made in the spring of the year 1856, where the evidence shows, and the referee finds in his finding, that the partnership between Stiles and the other defendants was dissolved in December, 1855. This evidence was clearly illegal. (Pope & West v. Risley, 23 Mo. 185.)

V. Stiles could not, without the consent of the other members of the firm, subject the firm to an action for money, which he held in his individual capacity as trustee for another, by applying it to the use of the firm. (Jacques v. Maynard, 6 Cow. 497; Hutchinson v. Smith, 7 Paige, 33; 21 Wend. 366.)

VI. The records of the Probate Court, read in evidence by

plaintiff, were improperly admitted, as they had no tendency to show the amount of money in Stiles' hands at the time that the pretended loan should have taken place, and was therefore only calculated to mislead.

*Gardenhire* and *Ryland & Son*, for respondent.

I. Stile's declarations were admissible. A joint interest was proved by other testimony. The dissolution of the partnership could not sever it; besides, Stiles being a party to the suit, was a competent witness for respondent. (2 R. C. 1855, p. 1577, § 3; 19 Mo. 549.) If entitled to Stile's oath, respondent was certainly entitled to his admissions, if willing to risk them without oath.

A co-defendant, his interest was necessarily adverse to that of the plaintiff, and the presumption is, all his statements were as favorable to himself and his co-defendants as the truth would allow.

II. The testimony of the wards was admissible. No person offered as a witness shall be excluded by reason of his interest in the event of the action. (R. C. 1855, p. 1576, § 1.) The distributee of a solvent estate is a competent witness for the estate. (20 Mo. 17.) Respondent might have maintained the action without alleging her guardianship. It was surplusage. (9 Mo. 373; 8 Mo. 216; 9 Mo. 540; 23 Mo. 181; 27 Mo. 510.)

III. The report of the referee must be received in the same manner as if the cause had been tried by the court and the court had made a finding of the facts. (24 Mo. 552.) It must stand, then, as a finding of the court, or the verdict of a jury. If the facts found support the judgment, it must stand. See Orth v. Dorschlein, 32 Mo. 366, where the merits of the action, as in this case, are so plainly with the plaintiff, this court will not reverse, unless it appear that error has been committed by the court below materially affecting the merits of the action.

IV. As to the admissibility of Stiles' declarations, see Gardner et al. v. Fowsey, 3 Litt. Rep. 425; Bound v. La-

throp, 4 Comst. 338 ; 15 Johns. 409 ; Walden v. Sherbume, 2 Wash. 66 ; Corp v. Robinson, 390 ; Adams v. Brownson, 1 Tyler, 452 ; Williams v. Hodgson, 2 Har. & Johns. 474– 477 ; Chapin v. Coleman, 11 Pick. 133. It is not because they are parties to the record that the confessions of one partner are received against the other to charge him with liability, but because of the unity of their interests. (Boyce v. Walton, 3 J. J. Mar. 498–500.)

BATES, Judge, delivered the opinion of the court.

1. The wards of the plaintiff were competent witnesses. The action was not prosecuted for their immediate benefit. They could not control the suit or the judgment. If the plaintiff recovered, she would receive the sum recovered to be administered by her as part of the estate of the wards ; but the wards had no right to that particular sum as their own absolute property.

2. The objection to the evidence of statements made by Stiles after the dissolution of his partnership with Burns & Brothers, is not so preserved in the record as to enable us to know that the objection urged in this court was made in the court below. (Clark v. Conway, 23 Mo. 438, and other cases.)

In fact, from an examination of the record, it does not appear that at the time the evidence of Stile's statements was given, any evidence had been given at all of the dissolution of the co-partnership.

3. The point that the set-off pleaded by the defendants was admitted by the pleading of the plaintiff, comes too late in this court. No such point was made in any manner in the lower court, and consequently no decision made thereon. (R. C. p. 1300, § 33.)

The defendants treated the plaintiff's denial as putting in issue their claim to a set-off, and offered evidence in support of it.

No material error appears in the record, and the judgment is plainly for the right party. Judgment affirmed. Judges Bay and Dryden concur.