Wm. G. Ritchie, Defendant in Error, *v.* Joseph Kinney, Plaintiff in Error.

1. *Partnership—Purchase with joint capital, interest secured by.*—Parties combining their capital in building a boat thereby acquire a joint property in it, and no bill of sale or formal delivery is requisite to vest such interest as between the parties.

2. *Evidence—Bank-books.*—A synoptical exhibit of the contents of bank-books is not the best evidence. The books themselves must be produced or their absence accounted for.

*Error to First District Court.*

*Draffen, Hutchinson & Muir,* for defendant in error.

*W. Adams,* for plaintiff in error.

Currier, Judge, delivered the opinion of the court.

This is a chancery proceeding for the adjustment of partnership accounts and dealings between the parties, growing out of their relations as alleged joint owners of the steamboat Cora. The answer denies the alleged joint ownership, and that is the first question for consideration.

1. In the spring and summer of 1864, as the case shows, the steamboat in question was built in Cincinnati, under the supervision of the defendant. In the progress of the work, negotiations were had between the parties looking to a combination of capital in prosecuting the enterprise. These negotiations resulted in an arrangement by which the plaintiff and his then partner advanced to the defendant the sum of $2000 for investment in the boat. The defendant received and receipted for the money for that purpose, as his receipt read in evidence clearly shows. There is no dispute about these facts, and it is apparent from the case that the money was in fact invested in the boat enterprise. It appears also that the defendant recognized the plaintiff's interest in the boat after its completion, and after it had been in service long enough to make very considerable profits. From all the evidence bearing upon this issue it satisfactorily appears that the plaintiff was interested in the boat, and a joint owner of it in conjunction with the defendant. Various technical

objections were made to the form and manner in which the plaintiff acquired his interest. They are not tenable. No bill of sale or formal delivery was requisite. The parties combined their capital in building the boat, and thereby acquired a joint property in it. (Abb. on Ship. 1, 7th Am. ed.) And it is to be observed that the controversy here is between the original parties to the transaction, not between the plaintiff and a subsequent purchaser or creditor. (See 1 Greenl. Ev., § 261, 11th ed.) The cases cited in the defendant's brief, as 1 Kern. 35, and 20 N. Y. 495, are inapplicable to the facts developed upon this record.

2. A number of questions arise upon the accounting. The boat was ultimately sunk and became a total loss. The petition avers, and the averment is not denied, that she was insured at the time for $20,000, and that $16,000 of the insurance money was collected by the defendant. The defendant admits the collection but denies his accountability, and upon the assumed ground that the insurance was taken out upon his interest (he claiming to be the sole owner) and "in his own name," and not for account of whom it might concern. If the facts assumed appeared in the record, the legal questions arising thereon would deserve careful consideration. But the record discloses no such facts. Nothing of the kind is averred in the pleadings. The insurance papers were not given in evidence, and there was no proof of their contents beyond the fact of the amounts insured. In the absence of evidence, no presumption arises that the insurance was alone in the name of one of the owners, or that it was not in the names of both, or on account of whom it might concern. The circumstance that the defendant was the sole manager of the boat and its affairs proves nothing on this point. The state of the pleadings and proofs indicates that this line of defense was an afterthought. In my opinion, the insurance money was properly included in the account.

3. In order to show the receipts and disbursements on account of the boat, the defendant offered in evidence a memorandum or condensed statement made up from the books of the St. Louis National Bank, showing aggregates of deposits with that institution, and of the amounts checked out. The defendant testified that all the receipts of the boat, after she commenced running,

went into that account, as also all disbursements; that he had " examined the account as contained in the books of the bank, and procured a synopsis of the same," which he presented. The " synopsis " and explanatory statement were objected to and excluded.

The " synopsis " was not the best evidence of the facts proposed to be proved by it, and it was properly excluded. The books themselves should have been produced, as furnishing the best evidence of their contents, and as showing the transactions entered in them fully and in detail. A mere synoptical exhibit of the contents of the books is not a very satisfactory mode of stating an important account which run through many months and involved eighty odd thousand dollars.

4. The account stated by the court, however, needs correction in two particulars. Otherwise it appears to be fair and just. (a) The court states the cost of the boat at $22,500, apparently upon the ground that the plaintiff admitted that to have been its cost. The admission is good as far as it goes, but it has no tendency to show that the boat did not cost much more than the sum named. The defendant was the only witness who pretended to have any actual knowledge of the cost of the boat. He was fully informed on that subject, and had every means of knowledge. He swears positively that the cost of construction was $35,600 cash, and reiterates the statement, and is not contradicted. As he is the only witness having definite information in relation to the matter, and as he stands unimpeached, his testimony must be taken as establishing the fact asserted. The account, as stated by the court, must therefore be modified by substituting in place of the $22,500 the sum of $35,600 as expressing the true amount expended in the construction of the boat. (b) The court finds that only $2000 was paid by the defendant to the plaintiff on account of the latter's interest in the boat. The plaintiff's witness, Brewster, testifies that $2500 was paid on that account, and there is nothing to countervail that statement. Brewster, as clerk of the boat, and upon the defendant's order, paid the money to the plaintiff, and was therefore in a position to know and state correctly the amount paid.

The judgment will be reversed and the cause remanded, with directions to the Circuit Court to enter judgment for the plaintiff for the ultimate balance due him upon the account, after crediting the defendant with the additional sum of $13,100 on account of the cost of building the boat, making the total cost $35,600, and also crediting him the additional sum of $500 for money paid the plaintiff on account of the latter's interest in the boat, making the whole amount paid him on that account $2500. The other items of the account will remain undisturbed, the interest being computed upon the reduced balance. Judge Wagner concurs; Judge Bliss absent.