CHARLES CONNOYER et al., Appellants, v. HENRY SCHAEFFER, Respondent.

1. *Lands and land titles — Act of Congress of July 4, 1836 — Notice of claim under, sufficiency of.*—In suit for the recovery of land, under the act of Congress of July 4, 1836, plaintiff offered in evidence a written request to the recorder of lands in and for the territory of Missouri, to record all registered concessions found in certain books named, then in his office. But it did not appear that those under whom plaintiff claimed had any agency in

giving the notice, nor that any signer of the paper was interested in the lands in question, or that any of them represented those who were or claimed to be so interested. The notice named no claimant and described no land, nor did it intimate that any one was in fact claiming under the concessions referred to. *Held*, that the paper was not such notice of claim as the act contemplated.

### *Appeal from St. Louis Circuit Court.*

This was an action of ejectment to recover a portion of a common-field lot in St. Louis Prairie, confirmed and surveyed for widow Dodier or her legal representatives, under act of Congress of July 4, 1836. For facts in this case, see 45 Mo. 139.

*Whittelsey & Cunningham*, for appellants.

The case is the same now as that presented in Connoyer v. Washington University, 36 Mo. 481. It was sufficient that the claim was presented and filed as required by law, and that the board confirmed the claim to the original concessionee or her legal representatives. That confirmation passed the title as against the United States, not to the claimant in whose name the claim was filed, but to the owner of the title under the former government. (Magwire v. Tyler, 8 Wall. 650.) The presentation of the claim by LaBeaume inured as well to the benefit of his co-tenants as to his own. (Picot v. Page, 26 Mo. 398; Phelan v. Kelly, 25 Wend. 389; Jackson v. Streeter, 5 Cow. 529; Jackson v. Hinman, 10 Johns. 292; Lloyd v. Lynch, 28 Penn. 419.)

*Glover & Shepley*, with *Pattison*, for respondent.

The notice was properly rejected as evidence, as it was entirely irrelevant; for, 1. If it can be introduced as a notice of claim at all, it must be a notice of claim by those and those alone who filed it. 2. Even if it had been signed by the widow Dodier, as it does not identify or specify any particular tract of the thousands included in these books which she claims as belonging to her, and presents to the officer of the government for the purpose of having her right to it passed upon and recognized by the government, it is no proper claim as required by the several acts.

3. The notice itself does not profess to be such a notice as is required by the laws of Congress, but seems to be simply a request by prominent citizens of the town of St. Louis for a record of these archives for the purpose of preservation, so that in the event the originals should be destroyed, or should be made way with or tampered with, there should be evidence that such archives had an existence and what they were.

CURRIER, Judge, delivered the opinion of the court.

This and the case of Connoyer v. LaBeaume, 45 Mo. 139, are identical in their controlling features. The testimony in the two cases was the same, except in one particular. In the case now before the court the plaintiff introduced, or sought to introduce, an additional piece of evidence for the purpose of showing that those from whom he seeks to deduce title were claimants before the land commissioners. It appears that Thomas F. Riddick and twelve others requested the recorder of land titles to make a record of all registered concessions found in certain books then in his office. The request was in writing and was as follows:

" GENERAL NOTICE.— To Frederick Bates, Esq., Recorder of Land Titles in and for the Territory of Missouri : Sir — For the benefit of all parties interested, please record the registered concessions of Livre Terrein Nos. 1, 2, 3, 4, 5 and 6, on file in your office. (Signed by) THOS. F. RIDDICK and twelve others."

A certified copy of this paper, as found of record in the office of the recorder, was offered in evidence by the plaintiffs in connection with the Dodier claim, as found recorded in Livre Terrein No. 2, p. 38 ; and this was the additional evidence above referred to. It does not appear that those under whom the plaintiffs claim had any agency in giving the notice. No evidence was offered connecting them with the transaction ; nor does it appear that any signer of the paper was interested in the lands in question, or that any of them represented those who were or claimed to be so interested. The notice points to a mass of books, and asks that certain records should be made, but names no claimant and describes no lands, nor does it intimate that any one is in fact

claiming under any of the concessions referred to. That certainly is not such a notice of claim as the acts of Congress contemplate, nor does it appear ever to have been so regarded except by the plaintiffs in this suit.

The further point is made that the "representatives of Cerre, having accepted a certificate of re-location for so much of survey 3209 as is covered by survey 3306, are estopped from claiming any portion of this land under survey 3209." It is here assumed that the representatives of Cerre had accepted a certificate of re-location, but there is no evidence on which to found the assumption. The surveys and certificates of surveys are referred to, but contain no evidence tending to show that Cerre's representatives "accepted" the supposed certificate of re-location. The assumption on that subject is gratuitous and avails nothing.

The judgment will be affirmed. The other judges concur.