| 97 | 137 |
|-----|-----|
| 101 | 223 |
| 97 | 137 |
| 115 | 103 |
| 97 | 137 |
| 120 | 444 |
| 97 | 137 |
| 75a | 206 |
| 97 | 137 |
| 86a | 188 |

MASONIC MUTUAL BENEFIT SOCIETY V. LACKLAND *et al.,*
*Executors, et al., Appellants.*

1. **Evidence:** INSPECTION OF BOOKS : HEARSAY. Where the evidence is the result of voluminous facts, or of the inspection of many books and papers, the examination of which cannot conveniently take place in court, or where a witness has inspected the accounts of the parties, though not allowed to give evidence of their particular contents, he will be allowed to speak of the general balance or result of such examination, and such statement is not hearsay.

2. —— : OBJECTION. A general objection on the grounds of incompetency, etc., interposed against the introduction in evidence of a tabulated statement, the result of the examinations of an accountant, and from which he testified as memoranda, is worthless because not specific.

3. —— : —— : PRACTICE. An error in admitting evidence over the objection of one of the parties to a suit is cured when subsequently the same evidence is admitted without objection.

Masonic Mut. Benefit Society v. Lackland.

*Appeal from St. Louis City Circuit Court.*—HON. W. H. HORNER, Judge.

AFFIRMED.

*Krum & Jonas* for appellants.

An expert cannot be called upon for an opinion, where its expression operates merely to substitute the expert for the jury. The opinions of witnesses should not be received as evidence, where all the facts upon which such opinions are founded can be ascertained and made intelligible to the court or jury. *City v. McGiven,* 78 Ill. 347. So questions to witnesses, called as experts, are improper which, failing to embody facts hypothetically, directly called upon the witness to put himself in place of the jury, and pass upon the whole issue. *Railroad v. Moffit,* 75 Ill. 524.

*A. C. Stewart, Boyle, Adams & McKeighan* and *S. B. Jones* for respondent.

" All rules of evidence are adopted for practical purposes in the administration of justice and must be so applied as to promote the ends for which they were designed. Thus the rule under consideration (requiring the best evidence) is subject to exceptions where the general convenience requires it." 1 Greenl. Ev. sec. 83. " A further relaxation," says the same author (sec. 93), " has been admitted where the evidence is the result of voluminous facts, or of the inspection of many books and papers, the examination of which could not conveniently take place in court. * * * So also a witness who has inspected the accounts of the parties, though he may not give evidence of their particular contents, may be allowed to speak to the general balance without producing the accounts."

SHERWOOD, J.—Action on the bond of Luke, who was secretary of the association, Gerard B. Allen and, Edwin Harrison being his sureties. By way of avoidance of the bond, the defendant sureties pleaded that prior to its execution Luke had been a defaulter to the association, that this fact was well known to the executive committee and the officers of plaintiff ; but that such knowledge was not communicated to said defendants, and they were allowed to become bondsmen in ignorance of such material and damaging facts. Issue was joined on this plea, and the cause was referred to Alexander Martin to try all of the issues. After hearing the testimony he made his report and finding in favor of the plaintiff. This report was confirmed by the circuit court, resulting in a judgment in plaintiff's favor, and the defendants have appealed to this court.

About the fact of the defalcation upon which defendants were sought to be held liable, there was no real contest. The evidence seems to fully sustain the finding of the referee, that prior to the giving of the bond in suit there was no misconduct on the part of the principal in the bond, or at least knowledge of it on the part of the association or its officers.

Objection was made to the accountant Spinney testifying as to his examination of the books and papers in the office of plaintiff. The books, packages of vouchers, etc., were present at the examination and were used from time to time by counsel on both sides. There is no rule in the law of evidence better settled than that, where the evidence is the result of *voluminous facts*, or of the inspection of *many books and papers*, the examination of which cannot conveniently take place in court, or where a witness has inspected the accounts of the parties, though not allowed to give evidence of their particular contents, he will be allowed to

speak of the general balance or result of such examination, and such statement is not hearsay.    1 Greenl. Ev. (14 Ed.) sec. 93, and cas. cit.    The case of *Ritchey v. Kinney*, 46 Mo. 298, does not militate against this view.

Besides, the exhibit or tabulated statement, this being the result of the examination made by the accountant, and from which he testified as memoranda, when offered in evidence, was only objected to in a general way as incompetent, etc.    Such an objection was worthless because not specific.    *Margrave v. Ausmuss*, 51 Mo. 561.

Moreover, the witness was asked by counsel for plaintiff the following questions :

"Q.    Can you give the total amount collected according to these vouchers or memoranda and agents' reports from May 15, 1879, to October 1, 1881 ?

"A.    According to the vouchers, $354,464.99.

"Q.    What is the total amount collected as by the cash-book ?

"A.    $348,634.60.

"Q.    What is the difference ?

"A.    $5,830.39."

This is the amount found by the referee.    These questions being asked and answered without objection from defendant's counsel would have cured any supposed error, if error there had been, in the former part of Spinney's examination.

Finding no error in the record, the judgment will be affirmed.    All concur.