Morgan v. Joy.

MORGAN v. JOY et al., Appellants.

Division One, May 14, 1894.

<div style="float:right">
121 677|
70a 33|
121 677
f156 507
121 677|
93a ¹455|
</div>

1. **Equity:** COMPROMISE AGREEMENT: FRAUD: DURESS. Equity will
   not afford relief, on the ground of fraud or duress, to one voluntarily
   executing a compromise agreement with full knowledge of all the
   facts relating to the transaction in question.

2. **Deed of Trust:** NOTICE OF SALE: STATUTE. A notice of sale under
   a deed of trust is required under Revised Statutes, 1889, section 7093,
   to state the date of the instrument, not the date of recording it.

3. **Appellate Practice:** OBJECTION TO EVIDENCE. Where the only
   objection made to the offer in evidence of a trustee's deed was that
   it was "incompetent and immaterial," the objection that the notice
   of sale did not give the date of its recording is too general to be
   available on appeal.

*Appeal from Jackson Circuit Court.*—HON. JAMES H.
SLOVER, Judge.

AFFIRMED.

*C. H. Nearing* for appellants.

(1) The court erred in admitting the trustee's deed. from Nat. H. Vincent to Mary S. Morgan, dated February 14, 1887. R. S., sec. 7093. (2) The court erred in finding appellants bound by the settlement of December 3, 1888. It was not their voluntary act. *Davis v. Luster*, 64 Mo. 45; *Turley v. Edward*, 18 Mo. 677; *Collins v. Westbery*, 2 Bay, 211; *Eadie v. Slimmon*, 26 N. Y. 12; *Miller v. Miller*, 68 Pa. St. 486; *White v. Heylman*, 34 Pa. St. 142; *Merty v. Mitchell*, 91 Pa. St. 114.

*Gates & Wallace* for respondent.

(1) The court did not err in admitting the trustee's deed from Nat. H. Vincent to Mary S. Morgan, of February 14, 1891, in evidence, because: *First.* The objection that "the trustee's notice of sale does. not comply with the statute" is not tenable. It gives. the date of the deed and the book and page where it is. recorded. This is just what the statute requires. R. S., sec. 7093. *Second.* No objection was made to the introduction of the trustee's deed on account of insufficiency of the notice of sale. The only objection was. that the deed was incompetent and immaterial. This. is not specific enough to raise the question now presented for the first time in this court. *Stone v. Hunt*, 114 Mo. 66; *Price v. Town of Breckinridge*, 92 Mo. 378; *Dunkman v. Railroad*, 95 Mo. 232; *Lohart v. Buchanan*, 50 Mo. 202; *Corrister v. Railroad*, 25 Mo. App. 619. (2) Even if the trustee's notice of sale was defective, it would be no defense on part of defendants in this suit, unless they had by their answer offered to redeem by paying the amount due on the notes secured by the deed of trust, and which were given for the purchase

price of the property, *Schanewerk v. Hoberecht*, 117 Mo. 22; *Kennedy v. Siemers*, 120 Mo. 73; *Springfield Engine and Thresher Co. v. Donovan*, 120 Mo. 423. (3) The claim that defendants were compelled to execute the agreement of December, 1888, and the deed of trust of December 4, 1888, is wholly without merit. They were their voluntary acts. There were none of the elements of duress in the transaction. As to what is necessary to constitute duress, see: *Wolfe v. Marshall*, 52 Mo. 167; *Claflin v. McDonough*, 33 Mo. 412; *Davis v. Luster*, 64 Mo. 43; *Wilcox v. Howland*, 23 Pick. (Mass.) 167, *loc. cit.* 170; *Holmes v. Hill*, 19 Mo. 159; *Buchanan v. Sahlein*, 9 Mo. App. 552; *Brisbane v. Dacres*, 5 Taunt. 143. (4) The statement which Mrs. Joy says she made to the notary public certainly is not sufficient to impeach the certificate of acknowledgment. *Comings v. Leedy*, 114 Mo. 477; *Biggings v. Building Co.*, 9 Mo. App. 210; *Ray v. Crouch*, 10 Mo. App. 321; *Riecke v. Wertenhoff*, 10 Mo. App. 358. (5) The contract of settlement of December 3, 1888, is binding and conclusive on the defendants. They signed it with a full knowledge of the contents, after repeated consultations with their attorney who attested it, received all the benefits of it, and made no complaint concerning it until this suit was brought, more than two years thereafter. *Burnham v. Rosenberger*, 110 Mo. 468; *Gwin v. Waggoner*, 98 Mo. 327, 328; *Taylor v. Short*, 107 Mo. 384; *Mateer v. Railroad*, 105 Mo. 320; *Campbell v. Van Houten*, 44 Mo. App. 231, 238.

BLACK, P. J.—Mary S. Morgan brought this action of ejectment against C. Mason Joy and his wife, Sarah S. Joy, to recover property known as the Merchant's Hotel in the city of Independence. The defendants, in their answer aver that they and John H. Taylor and George B. Wightman purchased the property from the

plaintiff, who was the owner thereof, at the price of $30,000, one-half cash and one-half on time; that they were induced to join Taylor and Wightman in the purchase and to pay $5,000 on the cash payment by the false and fraudulent representations of Taylor and Wightman, and that the plaintiff was a party to the fraud. They tender plaintiff a deed of release and ask judgment for the $5,000 so paid by them. The plaintiff avers in her reply that all differences between her and the defendants arising out of the sale were compromised and settled at a subsequent date. The other issues will be noticed hereafter.

The evidence bearing upon the issues before mentioned is to the following effect:

The plaintiff being the owner of the property, gave Taylor and Wightman an option to purchase it at the price of $20,000. Holding this option, Taylor and Wightman represented to the defendant, C. Mason Joy, that the property could be purchased at the price of $30,000, one-half cash and one-half on time, and that $30,000 was the least the plaintiff would take for it.

By these and some other representations, Taylor and Wightman induced Joy to join them in the purchase, and Joy paid his share of the cash payment, namely, $5,000. Thereupon the plaintiff conveyed the property to one Foote by deed dated the fourth of April, 1887, for the recited consideration of $30,000. At the same time Foote executed his note payable to the plaintiff for $15,000, and secured the same by a deed of trust upon the property. Foote then conveyed to Wightman, who conveyed a one-third interest to defendant C. Mason Joy, the latter assuming and agreeing to pay one-third of the $15,000 incumbrance. Taylor and Wightman paid no part of the alleged $15,000 cash payment. Foote was a mere man of straw in the hands of

Taylor, Wightman and the plaintiff. As the plaintiff made no effort to overcome the charges of fraud, but relied upon the subsequent settlement, it is useless to detail the further evidence on this branch of the case. As the record stands, the conclusion is irresistible that Joy was induced to make the purchase and pay the $5,000 by the false and fraudulent statements of Taylor and Wightman, and we are bound to conclude that plaintiff knew of and was in fact a party to the fraud. Joy, therefore, had the right to rescind the transaction and recover the $5,000 paid by him. This conclusion brings us to the settlement set up in the plaintiff's reply.

As bearing upon this settlement, the evidence discloses the following facts: Joy and Wightman took possession of the property and carried on a hotel business therein. The plaintiff and Taylor boarded at the hotel. Things ran on in this way for some eight or ten months when differences arose about board bills of some of these parties. Taylor, Wightman and Joy made default in the payment of interest on the $15,000 incumbrance. In the meantime Joy became possessed of the knowledge of the fact that Taylor and Wightman paid nothing on the purchase. In short, he knew all about the prior transaction and the connection of the plaintiff therewith. With such knowledge he and his wife, to whom he had transferred his one-third interest, and the plaintiff executed a written contract, dated the third of December, 1888, to the following effect: The plaintiff agreed to purchase in the property at a sale to be made under the Foote deed of trust and then convey it to the defendant, Sarah S. Joy, at the price of $15,750. The defendants agreed to give their notes to plaintiff for $15,000 of that amount and secure the same by a deed of trust on the same property. The agreement contains this further stipulation:

"It is further agreed that all matters and differences, and all claims, damages and demands whatsoever, which C. Mason Joy and Sarah S. Joy have asserted or may have had, or now have, growing out of the sale of the Merchant's Hotel property in 1887 are declared by them to be now settled and withdrawn, and are now and shall be held for naught, so far as the parties hereto are concerned."

The plaintiff purchased in the property pursuant to this agreement, and conveyed the same to Mrs. Joy and she and her husband executed to plaintiff their notes, as agreed, and also a deed to one Vincent to secure the payment of such notes.

There can be no doubt but this agreement of third of December, 1888, was intended to and did include all differences between the plaintiff and the defendants arising out of the original purchase and sale of the property. As to this there is no dispute. The defendants, however, seek to overcome and avoid this agreement on the ground that it was procured by fraud and duress.

The evidence bearing upon this issue of fraud and duress is to the following effect: The sale under the Foote deed of trust was advertised to take place on the day after the date of the agreement. The agreement was signed on the evening before the day of sale. Taylor represented Mrs. Morgan, the plaintiff, and was present when the agreement was executed. The defendants say he told them they would lose all they had put in the property if they did not sign the agreement, and they signed it under these circumstances as the only way to save their investment. On the other hand it appears, by the evidence of the defendants themselves, and that of their witnesses, that they knew all about the prior fraudulent representations. The compromise had been under con-

sideration for a period of three months, and during all that time the defendants had the assistance of an attorney of their own selection, who was present when the agreement was signed. This attorney had advised them to let the trustee's sale go on and then sue for the $5,000, but the defendants thought best to make the settlement. Accordingly they made the new deal whereby they acquired the entire property at about the sum of $20,000 with a credit on that amount for what they had paid. They continued to occupy the property under this new purchase, and carry on the hotel business therein until the commencement of this suit in February, 1891, more than two years after the date of the settlement. Such is, in substance, the defendant's case on the issues of fraud and duress.

Now, there is no evidence of threats of personal violence, nor was there any confidential relation existing between the plaintiff and the defendants. The whole claim that defendants signed the agreement because compelled to do so, has no other foundation, in fact, than this, that they signed it because they believed it the best way to secure the $5,000 which they had put into the property. The proof is clear that they signed the agreement with full knowledge of all the facts, and that the agreement was their own voluntary act. We can not see a single element of duress in this transaction. The claim now made in that behalf by defendants is clearly an afterthought.

As before stated, the defendants executed a deed of trust bearing date the fourth of December, 1888, to Vincent, as trustee, to secure the payment of notes executed by defendants to the plaintiff, pursuant to the agreement of the third of December, 1888. The defendants made default in the payment of these notes, and the trustee advertised and sold the property under the terms of that deed of trust on the fourteenth of

February, 1891, and the plaintiff became the purchaser at that sale. The defendants objected to this trustee's deed when offered in evidence, because "incompetent and immaterial." The specific objection made in this court is that the notice of sale did not state the "date of recording the deed of trust." The notice gave the date of the instrument and the book and page thereof where recorded, but it did not give the date of the record. The objection now made is founded upon section 7093 Revised Statutes, 1889, which provides "that such notice shall set forth the date and book and page of the record of such mortgage or deed of trust, the grantors, the time, terms and place of sale, and a description of the property to be sold," etc.

While the statute is open to two constructions, we think it means the notice should state the date of the instrument. This reading finds support from the punctuation of the section in the act of 1885, when first enacted. But if the law be construed as meaning that the notice should give the date of the record, still a failure to state the date of the record, the book and page of the record being stated, would not render the sale void. Besides all this the defendants did not object to the trustee's deed because of any defect in the notice of sale. The objection made is too general to raise the question now urged for the first time in this court. The specific objection should have been made on the trial of the cause. The judgment is affirmed. All concur.