ALBERT WILSON, Appellant, v. JOHN REEVES,
Respondent.

Kansas City Court of Appeals, March 22, 1897.

1. **Evidence**: COPY: GENERAL OBJECTION: APPELLATE PRACTICE. A
copy of a written instrument may be introduced when the original is
lost and a general objection of incompetency, irrelevancy and imma-
teriality is too general and will not be considered in the appellate
court when the evidence is competent for any purpose; nor can an
appellant make specifications in the appellate court which he failed
to make in the trial court.

2. ———: APPELLATE PRACTICE. The appellate court will not con-
sider objections to evidence when none are made in the trial court.

3. **Instructions**: COVERING CASE: ABSTRACT: PROPOSITIONS. In this
case the instructions plainly and fairly submitted the issues to the
jury and it was not error to refuse instructions containing propositions
not necessary to the understanding of the case.

*Appeal from the Harrison Circuit Court.*—HON. PARIS
C. STEPP, Judge.

·AFFIRMED.

*Sallee & Goodman* for appellant.

(1)   Plaintiff earnestly contends that the intro-
duction of the chattel mortgage in evidence against his
objection was a material and prejudicial error, for by
this means the issue joined upon the note was trans-
ferred to the mortgage, upon which instrument no is-
sue was raised by the pleadings.   To introduce evi-
dence upon an issue not raised by the pleadings is a
material error for which the judgment should be
reversed.   1 Greenleaf, Ev. [14 Ed.], sec. 51; *Rutledge
v. R'y*, 110 Mo. 312; *Brooks v. Blackwell*, 76 Mo. 309;
*State v. Roberts*, 62 Mo. 338; *Huston v. Forsythe*, 56

Mo. 416; *Frederick v. Allgaier*, 88 Mo. 598; *Nichols v. Larkin*, 79 Mo. 264; *Stern v. Mayer*, 19 Mo. App. 511; *Gutzweiler v. Lackman*, 39 Mo. 91; *Eddy v. Baldwin*, 32 Mo. 369; *Currier v. Lowe*, 32 Mo. 203; *Green v. Gallagher*, 32 Mo. 226; *Edmonston v. Henry*, 45 Mo. App. 346; *Morrison v. Garrison*, 48 Mo. App. 54. (2) Again the court erred in permitting witness Wishon to state that Young Brothers brought suit against John Wilson for large claims in the store. It is a cardinal rule that the best evidence that the nature of the case will admit of, must in all cases be introduced. 1 Greenleaf, Ev. [14 Ed.] sec. 82; R. S. 1889, p. 1455, sec. 6131. This docket is held to be evidence of such things as the law requires to be written therein. *Brown v. Pearson*, 8 Mo. 159; *Perry v. Block*, 1 Mo. 484. (3) Again the court erred in permitting witness W. H. Scott to testify from memory that from the amount of property they listed that the Wilsons were insolvent and to testify that Albert Wilson never returned a list, although this witness admitted on cross-examination that he had never called upon Albert Wilson for a list. The action of the court in permitting the statement of Scott to go to the jury was prejudicial error. *Boot & Shoe Co. v. Bain*, 46 Mo. App. 581; *Madden v. R'y*, 50 Mo. App. 666; *R'y v. Stock Yards Co.*, 120 Mo. 541; *Eyerman v. Shuhan*, 52 Mo. 221. (4) The court erred in refusing instructions 2, 3, and 4 prayed for by plaintiff. It was the manifest duty of the court to interpret all written instruments offered in evidence and its failure so to do was reversible error. *State v. Lefaivre*, 53 Mo. 470; *Edwards v. Smith*, 63 Mo. 119; *Blakely v. Laurence*, 59 Mo. 193; *Burrell v. Blair*, 61 Mo. 133; *Michael v. Ins. Co.*, 17 Mo. App. 23; *Fruin v. R'y*, 89 Mo. 397; *Chapman v. R'y*, 114 Mo. 542.

*J. C. Wilson* and *McCullough & Peery* for respondent.

(1)   It is clear that in the state of the record, appellant waived his first objection to the record of the mortgage. 1 Thomp. on Trials, sec. 706.   Besides, the objection made to the first offer being a mere general one, without pointing out any specific ground of objection, was, in point of law, no objection at all, and does not entitle the appellant to be heard on it in this court.   *Clark v. Conway*, 23 Mo. 442; *O'Hare v. R'y Co.*, 95 Mo. 667; *Buckley v. Knapp*, 48 Mo. 164; *Morgan v. Joy*, 121 Mo. 684, and many other cases.   (2) As to the alleged error in admitting the evidence of Pleas. Wishon.   Nothing was said by the witness about a suit until it was drawn out on cross-examination.   So this assignment of error has nothing to support it.   (3)   The alleged error of admitting evidence of W. H. Scott.   Again the appellant is unfortunately inaccurate in his abstract of the record upon this point. He prints a question that was not asked, an objection that was not made, and omits a part of the ruling of the court.   But the objection itself states no ground, and is the same as no objection, and the ruling of the court was not excepted to.   *Crabtree v. Vanhoozer*, 53 Mo. App. 411, *loc. cit.*, and many other cases.   We think no error can be found in the record justifying a reversal of the judgment.

ELLISON, J.—This action is based on a promissory note which by successive assignments became the property of plaintiff.   The answer pleaded want of consideration and that plaintiff had full knowledge thereof when he became the owner of the note.   The judgment below was for defendant.

A number of questions were presented at the trial relating to various matters brought in question by the parties. But the record as presented here is such as to make it unnecessary to set out, in detail, the facts (somewhat complicated) which have been discussed in connection with legal propositions founded upon them.

Plaintiff's contentions of error are these: That the court erred in admitting in evidence a certain chattel mortgage given by John F. Wilson to this defendant and Phil Young. The objection to the introduction of this mortgage was that it was not the original, it being the record copy. This objection was overcome by proof of loss of the original. The further objection was made that it was incompetent, irrelevant, and immaterial. The rule is that when an objection is made in such general and unspecific language the evidence will be held properly admitted unless it be incompetent for any purpose in the cause. In view of this rule we hold that no error was committed. The issues made by the pleadings including the respective claims of the parties as advanced at the trial shows that the mortgage may very well have had a bearing in the issues thus made. The generality of the objection is such that plaintiff can not be permitted to come here and specify objections which he failed to specify below. *Clark v. Conway*, 23 Mo. 442; *Buckley v. Knapp*, 48 Mo. 164; *Morgan v. Joy*, 121 Mo. 684.

*EVIDENCE: copy: general objection: appellate practice.*

It is next objected that it was error to admit oral testimony that suits had been brought before a justice against the payee of the note in controversy; the objection being that the justice's docket was the best evidence. But the record does not bear out the ground of the contention here. The record shows the question referred to

*——: appellate practice.*

was not answered, and that the witness was then ask-
ed whether he knew "that John Wilson was being
pressed in the fall of 1886." And that this question
was not objected to.

The next objection relates to the testimony of wit-
ness Scott relating to the solvency of the Wilsons, but
no exception was preserved and hence we can not no-
tice the objection.

The next objection relates to the court's action on
the instructions. And in this we find no error. Cer-
tain it is that the principal issue in the case as raised
by the defendant to exculpate him from
liability on the note was plainly and fairly
submitted to the jury. This issue was
presented in the instruction given for
plaintiff and in the two given for defendant. Three
instructions were refused for plaintiff, but we fail to
see wherein they could have been of any proper assist-
ance to the jury in determining the cause. They as-
serted broadly three legal propositions which were not
necessary to a perfect understanding of the cause by
the jury from those given, which, as just stated, set
the issues squarely before them. A careful examina-
tion of the record satisfies us that we have no just
ground upon which to interfere with the judgment and
it is accordingly affirmed. All concur.