## MARY C. GUBERNATOR, Respondent, v. JOHN B. RETTALACK, Appellant.

### St. Louis Court of Appeals, December 4, 1900.

1. **Evidence:** ORIGINAL ENTRIES ON BOOKS OF ACCOUNT: RES GESTAE. Contemporaneous original entries on books of account are receivable in evidence as a part of the *res gestae* of the indebtedness or transaction which they purport to record.

2. ———: ———: ———: OBJECTIONS TO EVIDENCE: PRACTICE, APPELLATE: PRACTICE, TRIAL. To warrant the exclusion of evidence the rule is, that the objections thereto must be specific, unless the evidence is wholly inadmissible for any purpose, in which case it does not fall within the rule requiring specific objections.

3. ————: ————. In the case at bar the objections to the book entries in this case were too vague and general to support the ruling of the lower court in excluding the evidence proposed.

4. **Evidence:** ADMISSIONS AGAINST INTEREST: PARTIES TO SUIT: DEPOSITION. The rule authorizing the reception in evidence of the admissions against interest of a party to a suit, is one of wise latitude and embraces relevant statements spoken or written under oath or otherwise, whether made by the party himself or by his duly authorized agents or attorneys.

Appeal from the St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft,* Judge.

REVERSED AND REMANDED.

*Hornsby & Harris* for appellant.

(1) Account books are admitted in evidence for the person by whom they are kept, when the entries are made at the time, or nearly so, of doing the principal fact, because entries made under such circumstances constitute a part of the *res gestae.* An entry thus made is more than a mere declaration of the party. It is a verbal act following the principal fact in the orderly conduct of business. Anchor Milling Co. v. Walsh, 108 Mo. 277; Borgess Investment Co. v. Vette, 142 Mo. 560; Robinson v. Smith, 111 Mo. 207; Martin v. Nichols, 54 Mo. App. 598. Book entries are admissible in evidence even though the entry may in some way extend to the title or ownership of the property in question. Borgess v. Vette, 142 Mo. 560, at p. 572; Fulkerson v. Long, 63 Mo. App. 268. (2) Only such grounds of objection to the introduction of evidence as are expressly stated, and appear of record will be considered by the appellate court. Russell v. Glasser, 93 Mo. 353; Clark v. Loan Co., 46 Mo. App. 248; Churchman v. Kansas City, 49 Mo. App. 366; Winton v.

Harris, 54 Mo. App. at p. 161; Stone v. Hunt, 114, Mo. at p. 73.

*W. C. & J. C. Jones* for respondent.

The objection to the books made in the trial court was that they were incompetent and irrelevant and not the books of the defendant, but specific attention was called to the character of the account itself and because its character is suspicious it has been certified to this court for inspection. Conceding, for the sake of argument only, however, that books of account are admissible for all the purposes claimed by the defendant, yet before any books can be offered in evidence for any purpose they must be "fair on their face." Every decision on this question gives this as a condition of admissibility. Walser v. Wear, 141 Mo. 443; Padley v. Catterlin, 64 Mo. App. 629; Boyd v. Hartman, 70 Mo. App. 57; Dempsey v. Lawson, 76 Mo. App. 522. "Statements of a party to an action made out of court, or on a former trial in court, if consistent with his present contention, are relevant and admissible against him." 11 Ency. of Law (2 Ed.), p. 508; See Title "Admissions," 1 Ency. of Law (2 Ed.), p. 670; Watkins v. Donnelly, 88 Mo. 322; Reinhart v. Grant, 24 Mo. App. 154.

BOND, J.—Plaintiff sued defendant for $1,300, which she alleged she had loaned to him. The defense was that the money in question was received in discount of a draft made by plaintiff's employer, a trading corporation, to pay its indebtedness to defendant. There was a verdict and judgment for plaintiff, from which defendant appealed.

The errors assigned relate to the exclusion and admission of evidence. In support of his theory of defense defendant offered in evidence an entry in the books of a firm of which he was a member relating to the transaction in ques-

tion to the admission of which plaintiff interposed the following: "Because it is incompetent, irrelevant and immaterial, and does not purport to be an account with the plaintiff in this case, but is an account between the C. Fred. Lamont Egg Co., and is in J. L. Stedelin & Co.'s books of which firm Rettalack was a partner."

The court, before deciding the question, asked the witness Rettalack, the following questions:

"Q. What day did you say this entry was made here? A. On the second day of June. Q. How long after you received the money was this entered here? A. Entered at the same time. Q. Were those books in the same office? A. Yes, sir. Q. She did not see this entry? A. She might have seen it, I made the entry while she was sitting at the desk. Q. You did not show it to her specifically? A. Well, No." These inquiries certainly did *not* tend to show the inadmissibility of the proposed evidence, however.

"The court then sustained plaintiff's objection to the introduction of the book in evidence, to which ruling of the court defendant duly excepted."

To afford us an inspection of these entries the original book of accounts was made a part of the bill of exceptions and is on file in this court, an examination of which shows an entry on May 30 (31), 1898, numbered 166, which was written over, but seems to be decipherable as "C. Fred. Lamont Egg Co.," followed by the figures 300 in the second column of figures following the entries on said book; and a second entry of date June 1 (2), 1898, also numbered 166, which is written over but also seems to be decipherable as "C. Fred. Lamont Egg Co.," followed by a parenthetical clause in red ink, to-wit:

(Draft discounted by Miss G., 1,300.00

300 cr. to act. May 30th) and followed by 1,000.00 in the second column of figures on said book.

Under repeated decisions of the appellate courts of this state, contemporaneous original entries on books of account are receivable in evidence as a part of the *res gestae* of the indebtedness or transaction which they purport to record. Mo. E. L. & P. Co. v. Carmody, 72 Mo. App. loc. cit. 541; and cases cited; Borgess Inv. Co. v. Vette, 142 Mo. 560; Walser v. Wear, 141 Mo. 443. The objection upon which the above entries on the account book kept by defendant were excluded when offered in his behalf, were confined wholly to the competency, relevancy and materiality of the proposed evidence, and in nowise impugned the truth or fairness of the entries, nor sought to have them excluded on account of their partial erasure. If the evidence in question was open to attack, it was solely for the latter reason, for aside from the suspicion arising from the erasure of a part of the entries they were clearly competent, relevant and material. As they were not objected to on this account, the trial court should have overruled the mere, general and unspecific attack upon their admissibility. To warrant the exclusion of evidence the rule is, that the objections thereto must be specific, unless the evidence is wholly inadmissible for any purpose, in which case it does not fall within the rule requiring specific objections. Beard v. American Car Co., 63 Mo. App. 382; People's Bank of N. O. v. Scalzo, 127 Mo. 164; Alcorn v. Railroad, 108 Mo. 81; Connor v. Black, 119 Mo. 127; Roger's v. Troost's Adm'r, 51 Mo. 470; Masonic Mut. Ben. Soc. v. Lackland, 97 Mo. 137; Walser v. Wear, 141 Mo. loc. cit. 463; Clark v. Peoples Loan Co., 46 Mo. App. loc. cit. 251; Wilson v. Reeves, 70 Mo. App. 30. The objections to the book entries in this case were too vague and general to support the ruling of the lower court in excluding the proposed evidence. If the objection had specified the seeming spoliation or erasure of a part of the entries as a ground of exception to their introduction, it would have doubtless been sustained, unless the pro-

ponent was able to give a satisfactory explanation of the appearance of the book of accounts consistent with its truth and fairness.    This he had a right to do if the book of accounts was attacked as unfair or suspicious on its face.    But as no objection was interposed on this ground appellant was deprived of the opportunity, if he had the power, to make a satisfactory explanation of the erasure of a part of the words contained in the entries on the book of accounts, which entries he claimed contained a written memorandum of the transaction between himself and the plaintiff made by him at the time of its happening.    This error in the ruling of the trial court necessitates a reversal of this judgment.

As the case must be remanded we deem it proper to pass upon the assignment of error made by appellant as to the admission of the deposition of defendant.    An examination of the deposition shows that it affords a basis for legitimate inferences of fact contrary to the defense made in this case.    It was therefore clearly admissible as an admission against interest, and it is wholly immaterial that it was taken in another case.    The rule authorizing the reception in evidence of the admissions against interest of a party to a suit, is one of wide latitude and embraces relevant statements spoken or written, under oath or otherwise, whether made by the party himself or by his duly authorized agents and attorneys.    Hinninger v. Trax, 67 Mo. App. 522; Byrd v. Hartmann, 70 Mo. App. 57; Padley v. Catterlin, 64 Mo. App. 629; Watkins v. Donnelly, 88 Mo. 322.

The judgment in this case is reversed and the cause remanded.    Judge *Bland* concurs; Judge *Biggs* dissents for the reasons given in his separate opinion.

### DISSENTING OPINION BY BIGGS, J.

I dissent from the majority opinion in this case for the

reason that the record shows that at the time the books were offered in evidence the suspicious or mutilated character of the entries was fully considered by the circuit court and by counsel. In order to bring that question before this court in an accurate and intelligent way, the bill of exceptions provided that the book containing the entries should be made a part of the bill of exceptions, which was done. Under this record the rule invoked by my associates is without application, as all cases holding, that where evidence is subject only to a specific objection, general objections thereto will be disregarded, proceed upon the idea that it is but fair that the court and adversary counsel should be advised of the particular objection, thereby giving an opportunity for explanation. As the defendant was fully advised at the trial that the ruling of the court excluding the entries as evidence was based solely on the fact that the book on its face showed erasures and other evidences of spoliation, it behooved the defendant to then and there offer an explanation, if he had any.