JOHN SCHOEN PLUMBING COMPANY, Respondent, v. EMPIRE BREWING COMPANY, Appellant.

St. Louis Court of Appeals, May 28, 1907.

1. APPELLATE PRACTICE: Abstract of Record: Incomplete Record: Presumption. Where the appellant's abstract of the record fails to contain the entire evidence, the appellate court will presume that the portion of evidence omitted from such printed abstract is sufficient to justify the action of the trial court.

2. ————: Exception to Ruling on Evidence: Specific Objection. An objection to the introduction of evidence on the ground that it is "irrelevant, inconsistent and immaterial," is not sufficiently specific to entitle the objecting party to a review of the same in the appellate court, unless it appears the evidence was incompetent for any purpose.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

AFFIRMED.

*Fred. Wislizenus* for appellant.

*Carl Otto* for respondent.

NORTONI, J.—The suit is on an account for plumbing supplies furnished and services rendered thereabout in a certain building, No. 5661 De Giverville avenue, in the city of St. Louis, occupied during the World's Fair period as a saloon. In appellant's brief, it is stated no question is made with respect to the fact that plaintiff furnished the supplies and labor and installed the plumbing. The only question in controversy between the parties is whether or not defendant ordered the plumbing or contracted with plaintiff for the same. Defendant denies liability on the grounds, it is said, there was no proof that it contracted with plaintiff for, or ordered plaintiff to do the plumbing. The abstract of the record presents only a meagre portion of the testimony adduced on the trial. From what is printed therein, however, it is apparent there was some evidence to the effect that defendant's president instructed plaintiff's foreman over the telephone to install the work. Plaintiff's foreman testified explicitly that he inquired over the telephone of defendant's president with reference to the matter before commencing the work thereabout and was instructed by him to put in the plumbing. The court submitted this issue to the jury under the following instruction for the plaintiff:

"If the jury find and believe from the evidence that defendant requested plaintiff to do the work and furnish the material sued in this case, and plaintiff thereafter, in pursuance of said request and in reliance thereon, if you find from the evidence such a request was

made, performed the work and furnished the material sued for, then you will find for plaintiff in such sum not to exceed $560.75 as you believe and find from the evidence the said work and material were reasonably worth at the time the work was performed and the material furnished with interest at the rate of six per cent per annum from date of demand if you find any demand was made."

And from defendant's standpoint, as follows:

"The court instructs the jury that in order to find for plaintiff you must find that defendant ordered work and material of plaintiff as included in Exhibit A. filed with plaintiff's petition, and you are further instructed that the burden of proof is on plaintiff to show by a pre-ponderance of evidence that defendant ordered such work and material of plaintiff."

The jury determined the matter in favor of the plaintiff and returned a verdict for the sum of $560.75, with interest at six per cent per annum from May 1, 1904.

The principal argument advanced for a reversal of the judgment is that the evidence introduced is wholly insufficient to support the verdict and judgment of the court, in that it fails to show that defendant contracted with the plaintiff or ordered the work to be done. This court is precluded from investigating and adjudicating the merits of this question further than as above indicated in view of the record before us. The appellant has failed to print and present the entire evidence in its abstract for our information and under such circumstances, the appellate court indulges the presumption of correct action in favor of the trial court thereon, and this presumption goes to the extent of assuming the evidence omitted from appellant's printed abstract is sufficient to supply the deficiency of which it complains. Defendant having failed to print and present in its abstract all of the evidence, the chal-

lenge against its sufficiency is therefore overruled. [Reed v. Peck, 163 Mo. 333, 63 S. W. 734; Davis v. Vories, 141 Mo. 235, 42 S. W. 707; Zweigardt v. Birdseye, 57 Mo. App. 462; Ogelbay v. K. C. College, etc., 71 Mo. App. 339; Irvine v. Karnes, 58 Mo. App. 254; Epstein v. Clothing Co., 67 Mo. App. 221; McKinney v. Northcutt, 114 Mo. App. 146, 89 S. W. 351.]

2. It is also insisted that the learned trial judge erred in admitting certain evidence over defendant's objection and exception. It may be said of this too, the presentation of the case is so extremely meagre in the abstract that we are unable to discover therefrom at least error materially affecting the merits of the action. Under such circumstances, the judgment should not be reversed. [R. S. 1899, sec. 865.] Be that as it may, the only objection interposed against this proof in the trial court was that it is "irrelevant, incompetent and immaterial." It is well settled an objection to the introduction of evidence, couched in such general terms, is not sufficiently specific as to entitle the objecting party to a review of the same in the appellate court unless it appears the evidence was incompetent for any purpose in the cause, and such certainly does not appear in the presentation of the cause in the abstract. [Wilson v. Reeves, 70 Mo. App. 30; Three States Lumber Co. v. Rodgers, 145 Mo. 445, 46 S. W. 1079; Morgan v. Joy, 121 Mo. 677, 684, 26 S. W. 670; Clark v. Conway, 23 Mo. 438, 442.]

The judgment will be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.