Lee *v.* Lee.

LEE *et al.*, Respondents, *vs.* LEE, Appellant.

1. A debtor who employs another to buy in his property, at a sheriff's sale, with no other view than to prevent a sacrifice of it, is not guilty of a fraud.
2. A case will not be reversed for the exclusion of evidence, unless an exception is taken at the trial.

*Appeal from Jefferson Circuit Court.*

*J. A. Beal,* for appellant.
*M. Frissell,* for respondents.

SCOTT, Judge, delivered the opinion of the court.

This was a proceeding on the part of the respondents, who were the widow and children of A. Lee, deceased, against Giles Lee, the appellant, and brother of A. Lee, to obtain a conveyance of the legal title of several parcels of land from the appellant, Giles Lee, which, it was alleged, he held in trust for his deceased brother, having purchased the same with his money, and at his instance and request. The lands, it seems, belonged to A. Lee, deceased, and were sold under an execution against him, and bought in for him by his brother, the appellant. The answer sets up the defence, that the purchase was made for A. Lee, deceased, whilst he was largely indebted, for the purpose of hindering and delaying his creditors. There was a trial by the court, and a judgment for the plaintiffs, from which the defendant took an appeal to this court.

The only error complained of is, that the court refused to receive evidence of the alleged fraud in the purchase made by

the appellant.　It is conceived, that the proper course for the appellant, under the circumstances, was, to have excepted to the action of the court on the trial, in refusing to receive the evidence of fraud offered by him.　The question then would have properly been before this court, and it might have been determined whether it was admissible under the pleadings. There is no evidence of any fraud preserved in the record.　A debtor who employs another to buy in his property at a sheriff's sale, with no other view than to prevent a sacrifice of it, by no means can be said to commit a fraud.　The appellant not having excepted at the proper time, it was too late after the trial to raise an objection to the refusal to entertain evidence, on the ground that it was not warranted by the state of the pleadings.　We feel no reluctance in coming to this conclusion, as the defence, though tolerated by law, was a most unconscionable one, coming from a brother against the widow and children of a deceased brother.　Judge Ryland concurring, the judgment will be affirmed ; Judge Gamble not sitting.