## THREE STATES LUMBER COMPANY v. ROGERS, *Appellant.*

### Division Two, July 6, 1898.

1. **Appellate practice:** EJECTMENT: EVIDENCE: REJECTED DEPOSITION. Where it is claimed, in an ejectment suit, that the trial court erred in rejecting evidence of a witness showing adverse possession, and that his testimony was set out in full in a deposition, the Supreme Court will not say that its exclusion was error, since the court has no way to determine the question, the deposition not having been preserved in the bill of exceptions.

2. ———: ———: ———. An objection that evidence is "irrelevant, incompetent and immaterial" will not be considered by the Supreme Court on appeal, because too indefinite.

3. ———: ———: NO OBJECTION IN TRIAL COURT. Where objection to the testimony of certain witnesses is made for the first time in the Supreme Court, the objection will not be considered, since the Legislature, by section 2302, Revised Statutes 1889, has provided that only those exceptions can be considered on appeal which were expressly passed upon by the trial court.

4. **Ejectment:** INSTRUCTIONS: ADVERSE POSSESSION. An instruction on adverse possession, in an ejectment suit, which fails to state that the possession must be continuous, is fatally defective. And an instruction which failed to allege that the possession must be adverse, was properly refused.

5. **Will:** DESCRIPTION OF LANDS. A will need not specify by numbers the land given to a legatee. The testator can devise whatever interest he has in land by the *residium* clause.

*Appeal from New Madrid Circuit Court.*—HON. HENRY C. RILEY, Judge.

AFFIRMED.

*Robert Rutledge* for appellant.

(1)    Harrison was a competent witness, and the court erred in refusing his testimony. R. S. 1889, secs. 3422 and 8918; *Mississippi Co. v. Vowels*, 101 Mo. 225; *Fink v. Hay*, 42 Mo. 622.    (2)    The court erred in admitting in evidence the will of Whitcomb and the deed from Geo. E. Whitcomb to Deal and the testimony of Deal relative thereto.    The will does not mention any land in New Madrid county and not even the east half of this section in Mississippi county, and Deal could not place his construction upon the will.    R. S. 1889, sec. 8918; *Nichols v. Boswell*, 103 Mo. 151; *Ringquist v. Young*, 112 Mo. 25.    (3)    The court erred in admitting the petition to the county court of Mississippi county praying a sale of section 16, township "24," range 16.    *Jesse v. Davis*, 34 Mo. App. 351; *Teats v. Flanders*, 118 Mo. 660.    (4)    The court erred in admitting the testimony of Sims, Deal, Lee and Marshall and all the witnesses in any manner relative to the east half of the section or that part in Mississippi county, as neither the petition nor answer referred to that part of the section or any lands in Mississippi county at all. *Reynolds v. Reynolds*, 45 Mo. App. 622; *Teats v. Flanders*, 118 Mo. 660.  (5)  The court erred in giving each and every instruction asked by respondent.    They are upon a wrong theory, and are not supported by evidence or warranted by any fact.    *Turner v. Baker*, 42 Mo. 13; *Dedo v. White*, 56 Mo. 241; *Mississippi Co. v. Vowels*, 101 Mo. 225.  (6)  The court erred in refusing instructions numbered 2 and 3, asked by appellant.

They are fully supported by the evidence and the law. *Mississippi Co. v. Vowels*, 101 Mo. 225.

*Russell & Deal* for respondent.

(1) Harrison's possession while he did hold it was not adverse for the reason that he claimed to have purchased from Whitcomb at about $1,800, but had not paid but $600 on the purchase money. This is conclusively shown by the evidence. Limitation does not run in favor of a purchaser till he makes full payment. *Cole v. Roe*, 39 Mo. 411; *Pratt v. Canfield*, 67 Mo. 50; Wood on Lim. [2 Ed.], p. 648; *Adair v. Adair*, 78 Mo. 630. (2) The objections to the will of Whitcomb because it did not describe the lands in dispute requires no answer. (3) Objection is made to the testimony of respondent's several witnesses because they referred to the entire section 16. No such objections were made during the trial. But the testimony was competent. (4) The appellant has not set out in his printed abstract the deposition of Harrison, nor of any question asked him, and this court will not assume that any part of his evidence contained in the deposition was competent. (5) The court's instructions, we think, fairly presented the law, and gave to appellant all he was entitled to. His second instruction entirely left out the question of adverse possession and other necessary elements. Instruction 3 was not good for several reasons. It declared that if Harrison had possession till he deeded to Rogers (February 8, 1894), and that Rogers was in possession at the time of the trial (September 1895), that he was entitled to hold by limitation. That left out the important essential of continuous possession, skipping a period of over nineteen months.

GANTT, P. J.—Ejectment for forty acres of land, the southwest quarter of the southwest quarter of sec-

tion 16, township 23, range 16, in New Madrid county. Ouster laid on the twenty-first day of April, 1894. Answer is a general denial and an adverse possession for more than ten years prior to the institution of this action.    Reply denies new matter.

The land was school land and belonged to New Madrid and Mississippi counties.    As such it was sold and patented to H. W. Molder and George W. Whitcomb on March 13, 1854, by the Governor of Missouri.    These purchasers made a joint school mortgage to Mississippi county to secure a school bond of $800 and interest.    In 1868 the undivided half interest of Molder was sold under said mortgage and purchased by Mississippi county for the school fund.    In 1872 Whitcomb died, and by his last will devised this land under a general disposition to George E. Whitcomb and Irene Bethune, afterwards by marriage Mrs. Irene Williams.    George E. Whitcomb afterwards in 1872 conveyed all his right, title and interest in said lands to Edward J. Deal.    In 1874 Deal sold and conveyed his interest to plaintiff.    In 1894 a partition suit was brought by E. J. Deal, Harrison R. Williams, and Irene, his wife, against Mississippi and New Madrid counties to the use of the capital school fund of township 23, range 16, for the partition of section 16, township 23, range 16.    Half of said section lies in New Madrid and half in Mississippi county.    Partition was decreed and the land ordered sold, and after advertisement was sold April 3, 1894, to plaintiff for $480.

The trial of this cause was to a jury.    Verdict for the plaintiff and defendant appeals.    Sundry errors are assigned and will be noted in their order.

I. It is insisted that one Harrison acquired title to the land by adverse possession and that the circuit court erred in rejecting Harrison's evidence.    This evidence it appears was offered in the shape of a deposition and upon

objection was excluded.   The deposition has not been preserved in the bill of exceptions and it is utterly impossible for this court to say this ruling constituted error because we have no knowledge whether the evidence offered was relevant to the issue on trial.   There is no presumption that the evidence was competent. On the contrary to convict the trial court of error the deposition should have been preserved, so that an inspection would disclose its relevancy or competency.

II.   Again it is said the court erred in admitting the will of George W. Whitcomb and the deed of George E. Whitcomb to Deal, and Deal's testimony.   The only objection to the will was that it showed no title whatever in Whitcomb to west half of section 16. We are not certain that we appreciate the point of objection because it is clear that by the Governor's patent George Whitcomb took a fee simple in an undivided one half of the tract in dispute, and he had never conveyed it prior to the time he devised it to George E. Whitcomb.   George E. Whitcomb's deed conveyed his interest to Deal.   As to Deal's evidence we find no exception whatever when he was testifying.   This assignment seems wholly without merit.   It was wholly unnecessary for George Whitcomb to specify the lands by numbers in his will.   The *residium* clause was amply sufficient for that purpose.

III.   Another objection was directed to the petition to the county court for the sale of section 16. The objection was that it was irrelevant, incompetent and immaterial.   We have often ruled that such an objection is entirely too indefinite to avail in this court.

IV.   The objections to the testimony of Sims, Deal, Lee and Marshall now urged were not made in the circuit court, and fall within the rule prescribed by the legislature in section 2302, Revised Statutes 1898.

State ex rel. v. Rodecker.

V.   We think the instructions for plaintiff fairly stated the law.   No error was committed in refusing defendant's third instruction.   As an instruction on adverse possession it is fatally defective in not requiring the possession in Rogers to be continuous.   His instruction numbered 2 was likewise defective in not requiring Harrison's possession to be adverse—a very material fact in view of the evidence that he was in arrears for the purchase money and that he abandoned the property and acted as agent for the county.   We have gone through each assignment in connection with the record and we think the judgment was for the right party.   We might have dismissed the appeal on account of a failure to observe our rules as to abstracts, but have given a very liberal construction in behalf of defendant and examined all the points made in the briefs.

The judgment is affirmed.   BURGESS, J., concurs; SHERWOOD, J., absent.