FORD SMITH, RECEIVER OF ACTIVE BUILDING & LOAN ASSOCIATION, NO. 2, Appellant, v. JAMES S. DOWLING, Respondent.

St. Louis Court of Appeals, November 5, 1900.

1. **Testimony, Objection to Introduction of:** PRACTICE, APPELLATE. An objection to the introduction of testimony, stating that it is "irrelevant" and "incompetent," is too general and will not be considered on appeal.

2. ———: ———: PRACTICE, TRIAL. It is the duty of counsel to except to the ruling of the court at the time of the ruling.

3. **Estoppel:** EVIDENCE. The evidence in the case at bar gives no room for the application of the doctrine of estoppel.

Appeal from the St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft* Judge.

AFFIRMED.

*Thos. A. Russell* and *H. Chouteau Dyer,* for appellant.

(1)   The contention of the appellant is that Dowling, being a member of the board of directors of the association and having been present at the meeting which adopted the resolution instructing the secretary to prepare a note for $500 as a loan, and having thereafter executed his note for $500 pledging his stock as collateral security, is estopped from denying the validity of that loan and note or that he was ignorant of its nature.   Hensinger v. Dyer, 147 Mo. 219, 228, 229.   (2) "Being under a duty of knowing his liability is the same as though he had done it with full knowledge." 3 Thompson on Cor., sec. 4093; Joint Stock Discount Co. v. Brown et al., L. R. 8, Equity, 404, 405; Pangborn v. B. & L. Ass'n, 35 N. J. Eq. 341.   (3)   And having three months after the execution of the first note renewed it by giving the one sued on, and having acquiesced in the terms of the contract for several years with full knowledge of his rights he ratified it, and can not now be heard to say it is not his contract.   Murdock v. Lewis, 26 Mo. App. 234, 243, 244; Bowlin v. Creel, 63 Mo. App. 229, 233.   (4)   The receiver represents the creditors and other stockholders of the association, and this suit is brought in their behalf.   Dowling having executed the note sued on, and having knowingly permitted it to be reported to the meetings of the board and published to the world as an asset of the association for more than two years, he should not now be heard to say that it is not a binding obligation.   Such acts are a fraud upon the creditors.   Directors of a corporation are held to be bound to know the proceedings of the body in ordinary cases.   Bigelow on Estoppel (5 Ed.), pp. 563 and 611; Plank Road v. Brown, 25 Penn. 156; Stone v. Great Western Oil Co., 41 Ill. 85.

*O'Neill Ryan* for respondent.

(1)   The note being without consideration was void in

the hands of the original payee, the association.    Bank v. Schnur, 57 Mo. App. 176; Williams v. Mellon, 56 Mo. 262. (2)    The consideration may always be inquired into as between the original parties or their privies.    Klein v. Keyes, 17 Mo. 326-328; Daniels on Neg. Ins., sec. 174.    (3)    Appellant, as receiver, took this note subject to all the equities; in other words, he stands where the association would have stood had it brought suit.    Daniels on Neg. Ins., sec. 781; Green v. Conrad, 114 Mo. 651.    (4)    The evidence was conclusive on our contention that the note was given merely as a memorandum or evidence of the respondent's receipt of the amount paid him by the association on account of its indebtedness to him, and hence, being without consideration, was void, and the instruction given correctly declared the law on that point, and was in strict accordance with one approved by the supreme court in Hardin, Admr., v. Wright, 32 Mo. 452-454. (5)    That parol evidence is admissible where the consideration is at issue, to show that a note was given as a mere receipt, the action being between the parties to the instrument, see Slade v. Halsted, 7 Cowan (N. Y.) 322; Smith v. Rowley, 34 N. Y. 367-369; De Lavalette v. Wendt, 75 N. Y. 579, 583, 584; Baird Ex. v. Baird, 145 N. Y. 659, 663, 664.

BLAND, P. J.—Ford Smith, receiver of Active Building and Loan Association No. 2, sued defendant on the following promissory note, to-wit:

"St. Louis, October 9, 1895.

$500.

Three months after date I promise to pay to the Active Building and Loan Association No. 2, five hundred dollars, value received, negotiable and payable without defalcation or discount, with interest at the rate of six per cent per annum from date.    Payable at 1001 Chestnut, having deposited and

pledged my fifteen shares of stock of said company as collateral security. This note is non-negotiable.

"James S. Dowling."

Plaintiff alleged the dissolution of the association, and his appointment as receiver. The answer was that the note was wholly without consideration. Trial by jury; verdict and judgment for defendant. Plaintiff appealed, and for reversal of the judgment assigns as error on the trial the admission of improper evidence, and the giving of an improper instruction and the refusal of proper ones.

1. It appears, substantially, from the evidence that in 1890 defendant purchased twenty shares of stock in the association, and thereafter paid one dollar per share ($20) per month on these shares, until in October, 1894, when he gave notice of his withdrawal of fifteen of the shares. At this time the withdrawal value of the fifteen shares was $825. The association did not have the funds on hand to pay this sum or any part of it, and the matter rested, until July 8, 1895, when the board of directors at a regular meeting made an order to loan defendant $500 at six per cent, due in ninety days. On the following day the original note, of which the one in suit is a renewal, was executed, and at the same time the corporation executed and delivered to defendant its note for $500 as a part payment of the withdrawal value of his fifteen shares of stock. The defendant and the officers of the corporation testified that the note in suit was wholly without consideration; that it was given as a memorandum or "sort of receipt" for the payment (by note) of the $500 to defendant due him on the withdrawal of a part of his stock, and was taken in the form of a note as a matter of convenience to its peculiar system of bookkeeping. To the introduction of this testimony, i. e., that the note was given as a memorandum or "sort of receipt" the plaintiff's counsel objected, because

the testimony was "irrelevant and incompetent." The ob-
jection was overruled. The objection is too general. The
supreme court in banc in Kansas City v. Oil Company, 140
Mo. loc. cit. 475, say, "Every court is entitled for its own pro-
tection to pass upon objections to evidence. It will not be
charged up with a lot of absurd rulings which it never made.
The practice is plain and easily observed. If counsel object
to evidence it is his duty to state the grounds thereof, and if
the court thus advised overruled his objections he must at the
time save his exceptions." In Three States Lumber Com-
pany v. Rogers, 145 Mo. 445, it was ruled that an objection
"that evidence is irrelevant, incompetent and immaterial"
will not be considered by the supreme court on appeal, because
too general. Further the bill of exceptions fails to state that
the appellant saved an exception to the ruling of the court
on his objection. As was said in Kansas City v. Oil Com-
pany, *supra* it was the duty of the counsel to have excepted
to the ruling of the court at the time. See, also, Lee v. Lee,
19 Mo. 420; Craighead v. Wells, 21 Mo. 404.

2. Instruction number 2 given for defendant is predi-
cated on the evidence, as it was permited to go to the jury
without valid objection, and from the testimony deduces a
correct legal conclusion.

3. The refused instructions asked by appellant sought
to apply the doctrine of estoppel to the transaction between
the association and respondent, on the ground that Dowling
being a director of the association was estopped to deny what
the corporate books show—that is, that his note was carried in
the book accounts of the association as a receivable bill and
was reported monthly to the secretary to make up the aggregate
of assets of the association. It is not shown by any testimony
that respondent was aware of the fact that the note was in-
cluded in the monthly financial statements made by the secre-

tary and managing officers of the company, nor was it so reported in an itemized statement. It is not shown that any creditor was induced to give credit to the corporation on account of this so-called asset or in reliance on the correctness of the monthly financial statements, and we are unable to discover any evidence in the record which places the respondent in such a position as to estop him from showing that the note was given without consideration. There is no evidence of fraud in the transaction, nor that the funds of the association were dissipated thereby. There is no room for the application of the doctrine of estoppel, and the court correctly refused to so instruct the jury.

The judgment is affirmed.   All concur.