LOUISA LOESSING, Respondent, v. HENRY LOES-
SING, Extr. of Estate of HENRY LOESSING Appel-
lant.

**St. Louis Court of Appeals, April 23, 1901.**

1. **Probate Court:** ALLOWANCE FOR WIFE ON ACCOUNT OF
RENT COLLECTED BY HER HUSBAND: FORMER ADJUDICA-
TION. The matter in issue in this cause was expressly excluded, by
the court making the decree of partition, from the decree, hence,
there was no former adjudication of the court on that point against
appellant.

2. ———: HUSBAND AND WIFE: HUSBAND, WIFE'S AGENT.
Since the evidence does not expressly show that the husband acted
as the agent of his wife in collecting her half of the rents from the
land owned by them jointly, it follows that the husband had no
authority to appropriate her rents to his own use, except· by the
written consent of his wife.

Appeal from St. Louis Circuit Court.—*Hon. John Wesley
Booth,* Judge.

AFFIRMED AND REMANDED.

STATEMENT OF THE CASE.

The plaintiff presented a demand to the probate court for
allowance against the estate of her deceased husband in the
sum of two hundred and thirty-four dollars, which she claims
was due to her as one-half of the total amount of rents col-
lected by her husband in his lifetime upon a lease of the tract
of land of which she and he were tenants in common.

There was evidence tending to prove the facts upon which

her claim is based. It was allowed by the probate court. Upon the appeal of the executor to the circuit court, the case was submitted to the court without a jury. On the trial thus had, defendant, who was the executor of the estate of plaintiff's husband, gave evidence of the files and proceedings including the decree in a suit for partition of the land, owned as tenants in common by herself and husband, after his death, which decree, among other things ordered a partition of the land, and with reference to a claim in the petition in that case of one-half of the rents which had been collected by the husband and appropriated to his own use, prior to March 1, 1898, contained the following statement: "The court doth find the issues herein joined, except as to plaintiff's rights to rents for the tract of land first hereinafter described prior to the first day of March, 1898, in favor of the plaintiff." It was not denied that the rents thus referred to in the decree in the partition suit were the same sought to be recovered by the filing of the demand in this cause against the estate of the husband. As explanatory of the decree in the partition suit, plaintiff in this cause, offered in evidence the memorandum of the trial judge upon which the decree in the partition suit was based, and which, in speaking of the claim for the rents now sought to be recovered, when made in that proceeding, used the following language: "But, however this may be, I am satisfied that this could only be a personal claim against her husband's estate and can not be adjudged in this proceeding. Decree accordingly." The defendant in this cause objected to the foregoing memorandum in that it was no part of the record, but the court did not rule on his objection, and plaintiff herein insisting upon offering the same to show that the matter of rent here sued for had not been adjudicated. Whereupon, the present record recites: "The same was read in evidence for that purpose by the consent of defendant's counsel."

The trial court rendered judgment in favor of defendant and subsequently sustained a motion for new trial made by plaintiff, on the ground that it had erred in a matter of law. From this award of a new trial, defendant appealed to this court.

*C. A. Schnake* for appellant.

(1) The plaintiff in the partition suit is the plaintiff in this cause, and the defendant, as executor of the deceased, was one of the defendants in that suit. In the former suit the plaintiff alleged that the deceased had collected from Herman Loessing as rent for the tract of land first described in her petition, the sum of $234, which belonged to her. She claims the same rent in the present action. This former suit was before and finally determined by a court of competent jurisdiction. The former decision involved and determined the merits of the controversy by decreeing that "the court doth find the issues herein joined, except as to the plaintiff's right to rent for the tract of land * * * prior to the first day of March, 1898, in favor of the plaintiff." And it shows the identity to the quality of the persons for or against whom the claim is made, by showing in the decree that the plaintiff was the wife of the deceased; that Henry Loessing, one of the defendants, is the executor of the deceased. Carroll v. Frank, 38 Mo. App. 173; Mead v. Spalding, 94 Mo. 43; Lyon v. Perin Mfg. Co., 125 U. S. 698. (2) And if the wife allows the husband to use her separate property without making a claim to it, or permits him to receive her separate income and apply it to the wants of the family, she will in general be presumed to have assented to the arrangement. Schouler on Husband and Wife, sec. 248; Lishey v. Lishey, 6 Lea (Tenn.),

418; Bromwell v. Bromwell's Estate, 139 Ill. 424; Logan v. Hall, 19 Iowa 500; Hanson v. Manley, 72 Iowa 48.

*Zach J. Mitchell* for respondent.

(1) There are but two points involved herein as now before this court for its consideration: First, was the issue in the case—adjudicated by the court—in the proceedings in partition in case No. 6702, and did the court err in law in sustaining plaintiff's motion for a new trial? Second, did the trial court err as to matters of fact in sustaining said motion? On first point: Spencer v. Vance, 57 Mo. 427. (2) The Act of 1875 (Revised Statutes 1899, section 4340), prescribes the only method by which he could acquire a right to possess himself thereof. And respondent's complaint herein being that he collected them without such legal authority so to do, and never paid them over to her, the case of Winn v. Riely, 151 Mo. 62, the most recently adjudicated case upon this proposition, citing cases of Bank v. Winn, 132 Mo. 30; Hoffman v. Hoffman, Exec., 126 Mo. 486; Church v. Church, 73 Mo. 42; Todd v. Terry, 26 Mo. App. 598; Jones v. Elkins, 143 Mo. 647, and other authorities, most conclusively dispose of the second point in favor of respondent.

BOND, J.—It is insisted by the learned counsel for appellant, that the new trial granted by the lower court was error for the reason that upon the undisputed facts, respondent could not recover in this proceeding: First, because it pertains to a matter already adjudicated between the same parties in a court of competent jurisdiction; secondly, because the rents appropriated by the husband were used by him for family purposes, and, presumably, for the use of his wife with her

Vol 88 app—32

assent, wherefore, she had no right to recover them from his estate. If appellant's motions in this respect are correct and applicable to the undisputed facts of the record, it would be our duty to reverse the order of the trial court, from which this appeal is taken. Haven v. Missouri R'y Co., 155 Mo. loc. cit. 229. The answer to the position taken by appellant as to the former adjudication of the matter in issue in this cause is, that by its express terms the decree in the partition suit expressly excluded from its judgment the issue as to the right of the parties therein to recover one-half the rents of the lands held in common by the husband and wife all of which had been collected by the latter anterior to March, 1898. It is true, the decree in that cause recited the appropriation by the husband of all said rents to his own use, but his right to do so in the premises was left wholly unajudged by the terms of said decree. This sufficiently appears from the consideration of the language of the decree itself; hence, it was not necessary for the trial court to have considered the recitals of the memorandum of the judge who gave that decree. But, conceding for the argument, that such memorandum formed no part of the record in this case (94 Mo. loc. cit. 47), the appellant is in no position to urge a misreception in consequence of its admission in evidence, for no ruling was made upon his objection to it and consequently no exception taken thereto at the time, which would have been necessary to present any question for review on this appeal. We conclude that the first ground urged by appellant against the award of a new trial in this cause is unsupported by the record.

II.   As to the second contention of appellant, it is sufficient to say that the evidence in this case does not conclusively show that the husband acted as the agent of his wife in collecting the entire rents of the land owned by them jointly: hence, we can not say that the case is controlled by the doc-

trine applicable to such a relation between husband and wife. Long v. Martin, 152 Mo. 668. On the other hand, there was evidence upon which a finding might have been rested, that the appropriations of the wife's rents by the husband was without her consent manifested in the way required by law, and, hence, he was chargeable therefor. Winn v. Riley, 151 Mo. 62. It being thus apparent that the defense grounded on the assumption that in the matter of collecting such rents, the husband was acting for the wife, depends solely upon a weighing of the evidence and finding of the facts thereby established. The award of a new trial, presumably because the trial judge changed his mind about the probative force of the testimony, is not a matter for review by us; for under a recent ruling of the Supreme Court, appeals from such rulings present only questions of law for review and do not authorize us to pass on the weight of the evidence, nor overrule the lower court in the legitimate exercise of the discretion vested in it to award new trials on the ground that the verdict is opposed to the weight of the evidence. When that is so, and the record shows a substantial conflict in the testimony, no case is made for review. Haven v. Missouri R'y Co., 155 Mo. loc. cit. 229.

The result is that the award for a new trial in this case is affirmed and the cause remanded. All concur.