TIPTON, Respondent, v. CHRISTOPHER, Appellant.

St. Louis Court of Appeals, Submitted January 27, 1909, Opinion filed February 23, 1909.

1. **APPELLATE PRACTICE: Weight of Evidence.** In an action by the purchaser of a promissory note at a judicial sale of the same, against the maker, where the defense was payment of the note, and the evidence was conflicting as to whether the alleged payment was a sham, a finding by the trial judge that it was not paid will not be disturbed.

2. **JUSTICE OF THE PEACE: Attachments: Receiver.** A justice of the peace has no authority to appoint a receiver in an attachment suit. [R. S. 1899, sec. 3890.]

3. ————: ————: Promissory Notes. A promissory note or bill of exchange may be seized under attachment in a proceeding before a justice of the peace, under sections 384 and 3890, Revised Statutes 1899.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Sterling H. McCarty* for appellant.

(1) An indorsee or purchaser of a negotiable bill or note, after maturity, takes the same and only the same interest that his indorser or vendor had at the time of the indorsement or sale. Kellogg v. Schnaake, 56 Mo. 138; Fisher v. Leland, 4 Cush. 456; Tiedeman on Bills and Notes, sec. 107. (2) A promissory note to be the subject of sale, must be an existing valid note

in the hands of the payee, and given for some actual consideration, so that it can be enforced between the original parties. Sweet v. Chapman, 7 Hun (N. Y.) 576; Norton on Bills and Notes (3 Ed.), sec. 122, pp. 309-10. (3) Appellant urges his contention that the constable had no right to levy upon a promissory note and offer and sell the same at public sale, that such sale was absolutely void and the plaintiff received no title to the note in question. It is the policy of the law to protect the rights of all concerned, and it can be seen at a glance that bills, notes, books of account, or other evidence of debt, thrown upon the market and sold at public sale would be sold at a great sacrifice. Undoubtedly the proper steps should be taken to collect a promissory note in full before it is exposed to sacrifice at a public sale. Appellant maintains that the sale of the note by the constable was directly contrary to the Revised Statutes of Missouri, and for this reason, as well as many others, the plaintiff, Tipton, had no title to the note in question. R. S. 1899, secs. 396, 397, 3890.

*Ward & Collins* for respondent.

Section 3890, cited by appellant, wholly overthrows his position and shows that the justice of the peace had no authority to appoint a receiver to take charge of the note in question, for said section says, "Nor shall that officer (justice of the peace) have power to appoint a receiver of attached property." Again permit us to suggest that this power of appointing a receiver is equitable and a justice of the peace has no equitable jurisdiction. "Under an attachment the officer shall be authorized to seize as attachable property the defendant's account book, accounts, notes, bills of exchange," etc. R. S. 1899, sec. 384. A promissory note payable to order is such property as can be attached. Scott v. Hill, 3 Mo. 88; Quarrels v. Porter, 12 Mo. 76; Dunlap v. Mitchell, 80 Mo. App. 397. Now from the above

citations there can be no question but what the note in controversy was attachable property; it was attached and there is nothing in the law concerning attachments by justices of the peace, prohibiting it being attached, but as the law states, it was subject to attachment like any other property; being specially named in the statutes as such property, as the officer with an attachment writ could levy upon. R. S. 1889, sec. 606; R. S. 1899, sec. 3890; Osborne v. Shutt, 67 Mo. 715.

REYNOLDS, P. J.—An action commenced before a justice of the peace of Pemiscot county, on a note given by the appellant to one J. M. Davis, resulting in a judgment for the plaintiff, respondent here, was appealed to the circuit court and on a trial there before the judge, a jury being waived, plaintiff below, respondent, here, again recovered judgment for the note and interest. The note with its indorsements is as follows:

"$100.00	December 14, 1904.

"December the 14th, I will pay to the order of J. M. Davis one hundred dollars ($100.00) value received and charge the same to the account of . . . . . . . . . . . . . with eight per cent from date.

"L. C. CHRISTOPHER."

Indorsed as follows:

"J. M. Davis,
11-28, 1905.

"Interest paid on the within note to December 14, 1905."

It appears that in an attachment suit in which Davis, the payee, was the defendant, this note, with other notes of like character, was levied upon and seized as the property of J. M. Davis, the payee in the note, the note at the time being in the hands of the Bank of Steele, with other notes, as collateral to a larger note of which Davis was the maker and which were held by

the bank.  At the constable's sale under the levy and judgment in the attachment, the note was sold. to the plaintiff, respondent here, at a sale which took place in September, 1906, the bank appearing to have surrendered any claim to it.  After purchasing the note at this sale, the plaintiff sued the maker, Christopher, as before stated, recovering judgment before the justice and before the circuit court on a trial there.  At the trial before the circuit judge, the defendant asked three instructions or declarations of law as follows:

"1.  The court declares the law to be that if the plaintiff before purchasing said note in question, knew or had. reasonable grounds to know that the note had been paid, then the verdict and finding should be for the defendant, and in this connection, the court further declares the law to be that the plaintiff is chargeable with any information that he may have obtained relative to said note having been paid.

"2.  The court declares the law to be that the purchaser at all judicial sales takes only the right, title and interest of the defendants therein, and if one J. M. Davis had no right, title, or interest in the note in question, at the time said note was levied upon and sold under authority of the justice court of Pemiscot township, then the verdict and finding should be for the defendant, L. C. Christopher.

"3.  The court declares the law to be that a negotiable note transferred before maturity by judicial sale and purchased by the plaintiff at such sale, for a pre-existing debt, is subject to all of the equities existing between the original parties."

The court gave instruction No. 2 and refused Nos. 1 and 3.  The contention of the appellant at the trial in the circuit court was that he had paid off the note before its sale and before maturity, in the course of a trade between himself and Davis, and that he, appellant, had agreed to satisfy the bank and have the note released.  He and Davis and another witness gave testi-

mony tending to prove this fact of payment, and that Davis was the real owner of the note, and that plaintiff had knowledge of this latter fact when he bought, but the circuit judge, trying the case without a jury and with the witnesses before him, found against appellant, there being testimony tending to show that the trade of the note, under which it was alleged to have been paid, was a mere sham. Notwithstanding the fact that the appellant now claims that there were no witnesses who testified to the contrary, it is still a fact that the learned trial judge had before him the witnesses who did testify, saw their demeanor, heard their testimony and was advised of and had before him in evidence all the facts and circumstances surrounding the transaction and was in a situation, and surely competent to properly weigh the testimony. We, therefore, cannot sustain the contention of appellant that there was absolutely no evidence in the case. If that was so, that is if there was no evidence, a finding by the circuit judge, no less than is the case when the finding is by a jury, is subject to review and correction in this court. But we cannot say that that is so in this case. The court, no less than a jury, is the sole judge of the credibility of witnesses, and he has the same right, when sitting as a jury in the trial of an action at law, to disregard all the testimony of any or all witnesses, and base his finding and verdict on the absolute verities of the case, as established before him.

The next proposition relied on by appellant's counsel, as well as we can understand his contention, is that a receiver should have been appointed by the justice, when the note was levied on, and that the receiver should have proceeded to collect the note. There is no authority for the appointment of a receiver in actions before justices of the peace. The sections cited by counsel for this are sections 396, 397 and 3890, Revised Statutes 1899. None of these sections sustain the contention made by appellant. By our statute, section

3890, first appearing as section 604, Revised Statutes 1889, the provisions of the law relating to attachments before circuit courts were expressly extended to actions before justices of the peace, exception as to the attachment of real estate and as to the power to appoint a receiver for attached property, it being further provided that the form of action, or the ordinary mode of proceeding before justices shall not be considered as changed by anything contained in this section. As under attachments issued out of the circuit courts, it is expressly provided by section 384, Revised Statutes 1899, that notes and bills of exchange, as well as other evidence of debt, may be seized under attachment, it follows that section 604 of the statutes has specifically subjected them to seizure under attachments issued out of the courts of justices of the peace.

The instruction given correctly states the law. Those refused were properly refused.

There is no error in the record to the injury of the appellant, and the judgment of the circuit court is affirmed. All concur.