TITLE GUARANTY & SURETY COMPANY, Appellant, v. WILLIAM E. DRENNON, et al., Respondents.

Kansas City Court of Appeals, June 13, 1914.

1. **TRIAL PRACTICE: New Trial: Weight of Evidence.** Where the trial court exercises its discretionary power of setting aside a judgment on the ground that it is against the weight of the evidence its action in so doing will not be disturbed except

upon a showing that no verdict in favor of the party to whom the new trial is granted would be allowed to stand.

2. ————: ————: ————. Plaintiff cannot claim that no verdict for defendant can be allowed to stand when the judgment obtained by plaintiff does not rest solely upon defendant's testimony or admissions. If it rests partly upon plaintiff's testimony, this must be believed by the triers of the fact before plaintiff can be entitled to a judgment. And where the trier of the fact has said the judgment is against the weight of the evidence, this shows the evidence is not believed. If plaintiff had been granted a new trial and defendants were claiming no judgment for plaintiff could ever be allowed to stand, the court might well pay heed to the claim if, after admitting everything plaintiff claimed, no case appeared. It is different, however, when defendant is granted a new trial and plaintiff's case rests upon testimony to be believed or not as the triers may find.

3. ————: ————: ————: **All Evidence in Full.** In order for the appellate court to pass on the correctness of the trial court's ruling in granting a new trial because the judgment was against the weight of the evidence the abstract should contain the entire evidence as given at the trial.

4. ————: ————: ————: **Judge Setting as Jury.** The fact that the judge heard the case setting as a jury does not affect his right to pass on the probative force of the testimony when considering that question on a motion for new trial.

5. **PRINCIPAL AND AGENT: Ratification: Action by Principal Against Agent.** While much more is necessary to show ratification as between principal and agent than is required to show ratification in an action between the principal and third persons dealing with an agent, yet even in an action between principal and agent, the latter will not be liable for violation of instructions if the principal with knowledge of the facts ratifies what the agent did. And such ratification may be express or implied.

Appeal from Jackson Circuit Court.—*Hon. Jos. A. Guthrie*, Judge.

AFFIRMED.

*Frank M. Lowe* for appellant.

(1) It is the duty of this court to set aside the order of the lower court in granting a new trial herein and to direct the trial court to re-instate the judgment

as entered by it in said cause, for the reason that under the evidence in this case, there can be but one finding and that for plaintiff. Foley v. Harrison, 233 Mo. 506; Smoot v. Kansas City, 194 Mo. 532; Casey v. Trans. Co., 186 Mo. 232; Fitzjohn v. Trans. Co., 183 Mo. 78-79-80. (2) A principal will not be considered as having ratified an unauthorized act of his agent merely because he receives property and avails himself of the advantages derived from such act when he did not learn that such agent had exceeded his authority until after he had sold the property and after the circumstances were such as to put it beyond his power to return or restore the property. 26 Me., 84; 113 Mass. 291, 58 Ark. 20; Quoted from 41 S. W. 852, Martin v. Hickman.

*Boyle & Howell* and *Jos. S. Brooks* for respondents.

(1) The court did not err in granting a new trial on the ground that the findings and judgment were against the evidence and against the weight of the evidence. Tipton v. Christopher, 135 Mo. App. 619, 623; Hax-Smith Furniture Co. v. Toll, 133 Mo. App. 404-411. (2) Where a jury is waived in a law case and the issues of fact are submitted to the court all presumptions on appeal are in favor of the correctness of the findings of the court upon the questions of fact involved. Bond and Stock Co. v. Houck, 213 Mo. 416-426; Glade v. Ford, 131 Mo. App. 164, 169; McCormack v. Moore, 134 Mo. App. 669, 675; Kneisley Lbr. Co. v. Stoddard Co., 131 Mo. App. 15, 26; Rice v. Wade, 131 Mo. App. 338; Hammett v. Railroad, 128 Mo. App. 1; Vincent v. Means, 207 Mo. 709.

TRIMBLE, J.—In this case plaintiff, a surety company, sued its agents for damages alleged to have been caused by the latter exceeding their authority in

signing a judicial bond. The company obtained judgment. Thereupon defendants filed a motion for new trial which the court sustained "for the reason that the finding and judgment was against the evidence and against the weight of the evidence." Plaintiff appealed.

The judgment of the trial court in granting a new trial must be affirmed. Where the trial court exercises its discretionary power of setting aside a judgment on the ground that it is against the weight of the evidence its action in so doing will not be reviewed except upon a showing that no verdict in favor of the party to whom the new trial is granted would be allowed to stand. [Casey v. St. Louis Transit Co., 186 Mo. 229, l. c. 232; Fitzjohn v. St. Louis Transit Co., 183 Mo. 74, l. c. 78.]

Plaintiff claims that is precisely the situation here; that the evidence clearly shows that defendants are liable. Plaintiff's case does not rest entirely upon defendants' admissions, however. It rests to some extent upon plaintiff's testimony. To entitle plaintiff to a judgment this must be believed by the trier of the fact. But the trier of the fact has said the finding is against the weight of the evidence. If *plaintiff* had been granted a new trial and *defendants* were claiming that no verdict for plaintiff could ever be allowed to stand, this court might very well pay heed to the claim if, after admitting everything plaintiff claimed, no case appeared. In that case no new trial should be granted. It is different, however, when defendant is granted a new trial.

But on the theory that defendants' admissions and testimony may be sufficient to authorize a judgment as a matter of law, still plaintiff has not shown such to be the case. The evidence itself is not presented in full to this court. It is only plaintiff's conclusion as to what that evidence is that has been presented. Before the appellate court could pass on the

correctness of the action of the trial court in granting a new trial on the ground assigned, the abstract should contain the entire evidence as given at the trial. [Moore v. Harmes, 123 Mo. App. 34, l. c. 35; Schoen Plumbing Co. v. Empire Brewing Co., 126 Mo. App. 268, l. c. 270 and cases cited.]

It is true that, as between the principal and his agent, much more is necessary to show ratification than is required to constitute ratification as between the principal and third persons dealing with the agent. [31 Cyc., 1266.] But even though an agent has violated his instructions, he will not be liable to the principal if the latter with knowledge of the facts ratifies what is done; and such ratification may be express or implied. [31 Cyc. 1456.] We do not agree with plaintiff in its contention that the course of conduct claimed by defendants to have been pursued, both before and after the signing of the bond in controversy, could not under any circumstances amount to a ratification sufficient to show that what defendants did was in fact by authority even though it had theretofore been formally forbidden. Whether it was so done was a question of mixed law and fact. Where a jury is waived and the issues of fact are submitted to the court all presumptions are in favor of the correctness of the court's findings upon the questions of fact involved. [Donaldson Bond & Stock Co. v. Houck, 213 Mo. 416.] The court sitting as a jury has the same right to disbelieve the testimony of the witnesses as the jury. [Tipton v. Christopher, 135 Mo. App. 619, l. c. 623.] And the judge sitting as a jury has the same right to change his mind as to the probative force of the testimony, when considering that question on a motion for new trial, as he has to sustain a motion for new trial when the case has been heard by a jury. [Loessing v. Loessing, 88 Mo. App. 494, l. c. 499.]

It follows that the judgment must be affirmed. So ordered. All concur.