## LIABILITY FOR DEBT CONTRACTED BY A DEFUNCT CORPORATION.

Municipal Court of Cincinnati.

THE PACKAGE SALES CORPORATION v. THE CINCINNATI ORCHARDS COMPANY ET AL.

Decided December, 1922.

*Corporations—Forfeiture of Charter—Liability for Debts Subsequently Contracted.*

The defendant company's charter was forfeited for failure to file an annual report and pay the annual franchise tax. Thereafter merchandise was purchased for the use of the company in its business, and at a later date a note was given in settlement for said goods, signed with the name of the company, by Edwin E. Stevens, President. The present suit was brought for recovery on said note, the company and the individual members thereof being made defendants.

*Held*: That the company being defunct no judgment can be rendered against it; but its officers and directors are chargeable with knowledge of the forfeiture of its charter, and having negligently and carelessly failed to secure a reinstatement of the company through a renewal of its charter which would have operated as a relief from individual liability, said officers and directors became individually responsible and are liable to personal judgment for the claim sued on; but a stockholder without knowledge of the forfeiture of the charter or of the contracting of the debt sued on is not individually liable therefor.

*Frost & Jacobs, Harold J. Siebenthaler* and *Dudley C. Outcalt Jr.*, for the plaintiff.

*Calvin S. Cramer, for* the defendants.

EYRICH, J.

This is an action to recover the sum of $694.42, on a promissory note given by The Cincinnati Orchards Company, to the plaintiff. The individual members of the corporation are sought to be held liable by reason of the matters and things hereinafter set out.

The Cincinnati Orchards Company was a corporation, organized under the laws of the state of Ohio, with a capital stock of $150,000, and the defendants, Edwin E. Stevens, Nelson B. Cramer and Calvin S. Cramer were directors from the time of the

organization of said corporation, Edwin J. Howard, the other defendant was merely a stockholder of said company.

On March 26th, 1918, the corporation's franchise was forfeited by the state of Ohio for failure to make the annual report and pay the annual franchise tax pursuant to Section 5509 of the General Code of Ohio.

On July 29th, 1918, the merchandise in question was ordered from the plaintiff for use in the business of the company, and the note upon which this suit is brought, signed "The Cincinnati Orchards Company, by Edwin E. Stevens, President" was dated January 1st, 1919.

Under and by virtue of Section 5511 of the General Code of Ohio two years time is given for the re-instatement of a corporation whose charter has been forfeited.

No attempt was made to re-instate The Cincinnati Orchards Company; no meetings were held after 1917, and none requested; no steps were taken to wind up the business after March 26th, 1918, and if there were any books kept by the company they have either been lost, mislaid, or destroyed.

The defendant, Nelson B. Cramer, who was secretary and treasurer of the company, testified that he did not remember having received the notice of the forfeiture of the charter, although one may have been received, but if he did, it was turned over to the president, Edwin E. Stevens, as was nearly all of the mail of the company.

The defendant Calvin Cramer testified that he left the city with the army on October 3d, 1917, and returned in January, 1919, at which time he wrote the secretary of state relative to the status of the company, and was informed by the secretary of state that the charter had been forfeited in March, 1918, and advised that the company had two years in which to re-instate the charter.

The defendant, Edwin E. Stevens was president and general manager of the corporation from its inception, and the defendant Nelson B. Cramer was the secretary and treasurer thereof.

The defendant Stevens held the majority of stock of the corporation, the Defendant Nelson B. Cramer held one third of the shares of stock of said company, the defendant Calvin Cramer

held only one or two shares of said stock, and the defendant Edwin J. Howard was entitled to stock equal to the amount of $3,500, which he had invested in the partnership prior to the incorporation thereof, but which stock he never received.

The affairs of the company were handled in a very careless manner and none of the testimony had any ear-marks of certainty. The orchards of the company were located in Indiana, and the defendant Stevens was actively operating the same until the time of the delivery of the note in question and for sometime thereafter.

The defendant Nelson B. Cramer had charge of the books of the company.

This suit is brought against The Cincinnati Orchards Company and the defendants individually as officers and stockholders of said company seeking to hold them liable as joint debtors for an obligation of the company incurred after the charter of the corporation had been forfeited by the state of Ohio.

We have been unable to find any reported cases either in the state of Ohio or elsewhere in which this precise question has ever been passed upon. We do find, however, decisions in this state, determining the legal consequences of acts by corporations which failed to comply with the incorporation laws of this state prior to doing business, or after having been incorporated, departed from the purposes for which they were incorporated.

We also find decisions in other states in which business was conducted after the charter of the corporation expired by limitation of law, but not by reason of a forfeiture of the franchise of the corporation.

The Supreme Court of Iowa held in a case involving the forfeiture of the charter of a corporation by reason of non-user, where the stockholder sought to be held acquired his stock after the charter had been forfeited and after the obligation sued upon had been incurred, that—

"The mere forfeiture of a corporation franchise does not of itself create a partnership of the stockholders, as there must be some agreement of the parties either express or implied to constitute a partnership; nor does a continuation of the business in the corporate name create a personal liability of the stockholders except such as participate therein." 142 Iowa, page 178.

The Court, however, in the body of the opinion, said:

"Had the indebtedness grown out of the business prosecuted in the name of the company while defendant was a shareholder, or were he shown to have received some benefit therefrom, the case would have been different."

The court also found:

"The defendant did not participate in the management of the company's affairs."

In the case of *National Union Bank* v. *Landon*, 45 New York, 410, the stockholders agreed after the corporation became extinct by the expiration of its charter, that they would furnish the necessary capital to carry on the business of the corporation and were held liable, as partners.

In the case of *Central City Savings Bank* v. *Walker*, reported in the 66 New York, at page 424, the stockholders in a corporation were held not liable as partners, where, after the expiration of the company's charter its business was continued and conducted the same as before by an agent who had theretofore managed and conducted it, in the name of the corporation, the agent being ignorant of the expiration of the charter as were also the stockholders sued. In that case the obligation sued upon was a note given for money borrowed after the expiration of the charter for the use of, and to carry on the business of the company. The court said:

"The defendants did not hold themselves out as co-partners; neither did they by word or act, assent to the making of the note in suit or to the transaction of any business in the name of the corporation in their behalf or with knowledge that its legal existance had terminated."

According to the court in *Nasson* v. *Boland*, 135 Mo. App.; 622, under the law as administered in Iowa, stockholders of a corporation which continued to do business after its charter had expired can not be held as partners, in the absence of a statute imposing such liability.

While the Supreme Court of the state of Kentucky has held in the case of *Ewald Iron Co.* v. *Commonwealth*, reported in volume 140, at page 692, as follows:

"When a corporation continues to act after its articles of incorporation have expired, the stockholders are simply doing business as partners and are personally liable for all debts made and the acts done are not the acts of the corporation but of the stockholders," and, "two years is a reasonable time in which to wind up the business of a corporation, whose charter has been abandoned."

It will be noticed from the cases cited above that the courts which have dealt with this matter have had before them cases in which the charter of the corporation had expired by limitation of law, whereas in the instant case, the charter of The Cincinnati Orchards Company was forfeited by reason of the failure or negligence of the company and its officers to file a report and pay a tax required by law.

In the case of *Second National Bank of Cincinnati* v. *Hall et al,* reported in the 35th O. S., at page 158, the court held:

"That personal liability does not attach to *stockholders* as partners or otherwise, from the circumstances that the powers of the association have been exceeded without their authorization," and "those only who engage in or sanction the business not within the purpose for which the association was organized are liable for the debts contracted in carrying such unlawful business forward."

The court in this case also held that—

"To hold the *stockholders* liable upon the note as makers (*in the face of these facts*) would be to create a promise where none existed and a consequent liability where none was contemplated by any party to the transaction in which the note originated." and further:—

"The plaintiff accepted and received the note as corporate paper and as carrying with it only a corporate obligation, and therefore is estopped from denying the corporate existence of the company executing it."

In the case of *Rianheard et al* v. *Hovey et al,* in the 13th Ohio at page 300, the court held:—

"Where a number of persons associate as a joint stock company and act through directors, the acts of the directors, although adverse to the interest of the company and foreign to its purpose, may bind its members if they do not promptly give notice of their

dissent, etc. The stockholders will be held liable to all creditors who, in good faith, have dealt with the directors and agents of the company without knowledge of their departure from the orig inal objects of the association, but that they can only claim against such stockholders as were cognizant of the proceedings, and by silence, or positive act, gave their assent.''

In the case of *Medill* v. *Collier et al,* 16 O. S., 599, in which the facts show that a banking corporation had failed to comply with a certain section of the banking act prior to incorporation, the court held that ''Liability does not attach to the stockholders of such corporation as partners, but to those who engage in such business, and to those who authorize or sanction it.''

In the body of the opinion, Day, J., gives a very clear exposition of the reasons for holding those liable who knew or sanctioned the acts prohibited. He says:

''A plain distinction exists between acts simply without authority and those which are forbidden by law; the former may be without right; the latter can be done, not only without right, but only in the commission of a positive wrong. This case belongs to the latter class. Nor was this a single instance. The record shows that the entire business, carried on in the corporate name was done in violation of law. It is not, therefore, necessary for us to determine in this case, whether those acting for a corporation, duly organized and authorized to do business, are personally liable for every obligation incurred in violation of its charter, or of the law of the state; much less is it necessary to consider whether they are so liable when they simply transcend the corporate authority.

''Without undertaking to determine how far the principle may be extended, it is decisive of this case to hold, as we do, that where the entire business carried on by persons in the name of a corporation is such as the corporation is prohibited by law from doing, they can not interpose the corporate privileges between them and the liabilities which the law imposes upon individuals in the transaction of similar business wthout the use of the corporate name.

''It by no means follows, that all the subscribers to the stock of the corporation are personally responsible for the debts contracted in the transaction of such business; for that is not the legal import of the subscription contract, and the business may be thus carried on without the knowledge or participation of all the

stockholders. The law would imply that they alone assumed the liabilities of such business who engaged in it, or who authorized or sanctioned it.''

It will be seen that the Ohio cases referred to above, deal first with the question of the liability of those stockholders for corpo; rate engagements not authorized by the charter of the company involved, entered into by the corporation with the knowledge, consent or approval of stockholders; second, the liability of stockholders for corporate engagements entered into without compliance with certain legal prerequisites prior to incorpora. tion, all with their knowledge, consent or approval.

By reference to Fletcher's Encyclopaedia on Corporations Volume 8, Section 6586, it will be found that ''dissolution termi nates the personal, but not the property rights of stockholders and that stockholders can not hold corporate meetings after dis solution, and the relation of stockholders in an expired corpora, tion is analogous to the relation of partners.''

From an examination of the foregoing authorities it will be seen that any one of the following state of facts must be estab lished in order to hold stockholders of a corporation liable for a debt incurred after the expiration of the company's charter, by limitation of law or in the prosecution of business foreign to the purposes for which the company was incorporated, or for the consequences attending failure to comply with the necessary legal prerequisites, namely, first: that the stockholders held themselves out as co-partners; second, that they agreed to pay the debts and obligations of the company; third, that they assented by word or act to the transaction; fourth, that the company incurred the obligation with knowledge, approval or consent of such stockholders.

In all of the cases to which reference is made heretofore, it will be found that the corporations involved, were *de facto* corporations at the time the obligation sued upon was incurred, whereas in the case at bar, the Cincinnati Orchards Company, at the time of the giving of the note which forms the basis of the action, had ceased to exist, and was not a *de facto* corporation but merely a combination of persons holding themselves out as a corporation which in the court's opinion, would make those

liable for the company's note, who had knowledge, or were chargeable with knowledge, either of the giving of the note or of the forfeiture of the charter.

A judgment could not have been taken against the company when the note was given or when it became due, nor can one be taken against it now, for it is admittedly defunct.

It seems to the court that in this case involving a forfeiture of a charter, over which the officers had control and against which precaution could have been taken, and for the re-instatement of which there is a law of a curative nature, an additional reason exists for holding those liable who are responsible for the management of this corporation, to-wit:—that of negligence, in that there was wanton carelessness on the part of these officers of this corporation in failing to comply within a reasonable time (2 years) with the laws of this state, pertaining to the re-instatement of this company after its charter had been forfeited.

By reason of the capacity of the defendants, Edwin E. Stevens, and Nelson B. Cramer as officers and directors of this company, a higher degree of duty is imposed upon them than is required of a mere stockholder, with respect to the business of the company and its obligations to people dealing with it, and necessarily they are not only as a matter of fact, but as matter of law, charged with knowledge of the action of the state of Ohio in forfeiting the charter of this company as and of the date of said action, and they together with the defendant Calvin S. Cramer, actually knowing in January, 1919, that the charter had been forfeited, were guilty of gross carelessness in not taking steps to re-instate the charter, which would have relieved them of individual liability.

The court is further of the opinion that the defendant Edwin J. Howard did not know nor was he chargeable with knowledge of the forfeiture of the charter and hence he can not be held personally responsible for the debt incurred and is therefore dismissed.

Judgment may be taken against the defendants Edwin E. Stevens, Nelson B. Cramer, and Calvin S. Cramer, as joint debtors for the sum of $694.42, with interest from January 1st, 1919, at 6 per cent. per annum, and costs.